MUNEO SAMESHIMA, Individually and as Councilman, County of Hawaii, and on behalf of the CONCERNED TAXPAYERS OF HAWAII, Plaintiff, *v.* STEPHEN K. YAMASHIRO, Individually and as Councilman and Chairman of the Council, County of Hawaii, Defendant-Appellee

NO. 8053

(S. P. NO. 5018)

MARCH 23, 1982

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from an order adjudging appellant of contempt. We affirm.

Appellant, acting as attorney for the plaintiff, filed an action against Appellee Stephen K. Yamashiro, a councilman and chairman of the council in the County of Hawaii. The complaint charged Yamashiro with violations of the Code of Professional Responsibility, the Hawaii Constitution, the Hawaii Revised Statutes, and the Hawaii County Charter, by reason of conflicts of interest in connection with the Kohala Task Force investigation.

Specific allegations in the original complaint charged Yamashiro with attending meetings to discuss interfering with the investigation. Subsequently, the deposition of Plaintiff Muneo Sameshima was taken and it developed that his information with respect to the alleged meetings had come to him from the appellant. Appellant's deposition was therefore scheduled. Inquiry was made of him as to the source of his information with respect to the allegations about the meetings. He revealed that he had heard about the meetings from credible and reliable persons but he refused to name those persons or give the details of his conversations with them.

Appellee attempted to get an order to compel the appellant to answer in the Third Circuit but since the deposition had been taken in the First Circuit, the court ruled that the First Circuit was the proper place for the appellee to seek to compel appellant to answer the questions. Appellee, thereupon, brought the present proceedings in the First Circuit. After an order to show cause had been issued in the First Circuit, the original complaint in the Third Circuit was amended and the allegations with respect to the meetings were omitted.

A hearing was held on the order to show cause and on December 31, 1979, an order was entered that appellant should appear at a deposition and answer questions concerning the name, address, identity, information received from and circumstances surrounding the source or sources who alleged the secret meeting between defendant and other government officials. The issues of contempt and liability for attorney's fees and costs were held in abeyance, pending the deposition. Eventually, the deposition was taken and appellant again refused to answer the questions. Thereafter, the court below entered the order appealed from, adjudging appellant to be in contempt of court.

Appellant essentially raises three issues. He contends first, that because the allegations concerning the meetings had been omitted in the amended complaint which was filed before he was ordered by the court to answer the questions, that the questions thereupon became irrelevant. Secondly, he urges that the questions would require him to violate the attorney-client privilege and thirdly, he urges that the questions would violate his work product privilege.

Rule 26(b)(1), Hawaii Rules of Civil Procedure, provides in part:

It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Rule 37(a)(2) provides in part:

If a deponent fails to answer a question propounded . . . the discovering party may move for an order compelling an answer . . .

Rule 37(b)(1) provides:

If a deponent fails . . . to answer a question after being directed to do so by the court in the circuit in which the deposition is being taken, the failure may be considered a contempt of that court.

The Supreme Court of Hawaii in *In Re Goodfader*, 45 Haw. 317, 367 P.2d 472 (1961) stated:

In *Blair v. United States*, 250 U.S. 273, at p. 281, the Court elaborates on the subject, as follows:

"In all of these provisions, as in the general law upon the subject, it is clearly recognized that the giving of testimony and the attendance upon court or grand jury in order to testify are public duties which every person within the juris-

diction of the Government is bound to perform upon being properly summoned, and for performance of which he is entitled to no further compensation than that which the statutes provide. The personal sacrifice involved is a part of the necessary contribution of the individual to the welfare of the public. The duty, so onerous at times, yet so necessary to the administration of justice according to the forms and modes established in our system of government (Wilson v. United States, 221 U.S. 361, 372, quoting Lord Ellenborough), is subject to mitigation in exceptional circumstances; there is a constitutional exemption from being compelled in any criminal case to be a witness against oneself, entitling the witness to be excused from answering anything that will tend to incriminate him (see Brown v. Walker, 161 U.S. 591); some confidential matters are shielded from considerations of policy, and perhaps in other cases for special reasons a witness may be excused from telling all that he knows.

"But, aside from exceptions and qualifications — and none such is asserted in the present case — the witness is bound not only to attend but to tell what he knows in answer to questions framed for the purpose of bringing out the truth of the matter under inquiry.

"He is not entitled to urge objections of incompetency or irrelevancy, such as a party might raise, for this is no concern of his. Nelson v. United States, 201 U.S. 92, 115."

45 Haw. at 325-6.

The above statement alone might well dispose of appellant's argument with respect to relevancy since appellant was a witness, not a party, in the action in which the deposition was taken. However, in this case, because appellant is an attorney and, therefore, an officer of the court, we think more needs to be said. Both parties agree that the test really is not relevancy but whether the answers sought appear reasonably calculated to lead to the discovery of admissible evidence. Here, when the appellant refused to answer the questions at the deposition, they were clearly and directly relevant to the specified charges about the meetings made in the complaint. Appellant's conduct at that time in refusing to answer the questions was reprehensible and unbecoming of an officer of the court.

Appellant contends that by the time the court ordered him to

answer the questions as to the identity, etc. of his informants, the charge that there had been meetings had been omitted from the amended complaint and that, therefore, the court below lacked power to order him to answer. Nevertheless, the amended complaint still charged in paragraph 16:

> By his refusal to refrain from participation in the Kohala Task Force investigation and in light of the foregoing actions, Defendant has violated and does continue to violate the Code of Professional Responsibility.

Paragraph 19 charges:

> Defendant's actions have been and continue to be in violation of Article XIV, Section 5 of the Hawaii State Constitution and Chapter 84, Hawaii Revised Statutes, in that Defendant's actions constitute a conflict of interest as defined under Section 84-14, H.R.S.

Paragraph 22 charges:

> Defendant has violated and does continue to violate Article XIV of the Hawaii County Charter in that Defendant Yamashiro's actions have consituted [sic] and do continue to constitute a conflict of interest, within the meaning of Section 14-2 and the Hawaii County Ordinance enacted pursuant thereto.

Paragraph 23 charges:

> Defendant Yamashiro has violated and does continue to violate his fiduciary duties as a councilman and elected public official.

There are broad gauged charges of official malfeasance against an elected public official. We cannot say that the information which appellee sought and which the court ordered appellant to divulge was not reasonably calculated to lead to admissible evidence in connection with appellee's defense against those charges. Appellant states that he first was told the meetings had occurred but that when he checked back, was told by his informants that either there had been no such meetings or that the fact of such meetings could not be verified. What appellant's sources might testify to under oath, however, no one can say, but obviously, their names could lead to their depositions and their testimony could conceivably and reasonably lead to admissible evidence supporting or refuting the charges of malfeasance.

As the Supreme Court of Hawaii said in *In Re Goodfader, supra:*
As stated in *Miller v. Sun Chemical Corp.,* D.N.J., 12 F.R.D. 181, at p. 182: "The language [of Rule 26] is broad. It cannot be said that the matters inquired into were not relevant to the subject matter or that they would not 'lead to the discovery of admissible evidence.' Would that judges had the means of divination to forecast the former resulting in the latter with unfailing accuracy. We can only be as accurate as a weather forecaster. Need I say more?"
In the same mood, we can only say that it is our best judgment that the inquiry desired to be made by plaintiff in this case could be considered likely enough to lead to the discovery of sufficiently important admissible evidence to warrant the trial court's permitting her to pursue it . . .
45 Haw. at 338.

Accordingly, the contention with respect to relevance is without merit.

Equally without merit is the claim of attorney-client privilege. Clearly, both by filing the suit and by testifying, the client had waived the privilege. The privilege was not the attorney's to assert. Once the client had waived the privilege, the attorney was under a duty to reveal what the court ordered him to reveal.

Without merit also, is the work product privilege claim. Since the information as to who the persons were and what they said is known to appellant alone and there is obviously no other reasonable means of obtaining that information, this case does not fall within the parameters of the work product privilege. *Compare Hickman v. Taylor,* 329 U.S. 495, 91 L.Ed. 451, 67 S.Ct. 385 (1947) and Rule 26(b)(3), Hawaii Rules of Civil Procedure.

Moreover, the information sought concerned conversations which appellant had before the instant lawsuit was filed. It, therefore, is clearly not the product of work in connection with the suit in which the deposition was taken. Since those conversations were, in part, at least, the cause of the initiation of the suit, they certainly were discoverable.

Finding none of appellant's points to have merit, we affirm the order below.

*Fred Paul Benco (E. Cooper Brown* on the briefs) for appellant.

*Christopher P. McKenzie (McKenzie, Trecker & Fretz* of counsel and *Benjamin L. Carroll, III (Albert Gould* of counsel) for appellee.