MILLER v. SUN CHEMICAL CORP.

Civ. A. No. 923–50.

United States District Court
D. New Jersey.

Jan. 23, 1952.

As Amended Jan. 25, 1952.

5. Hickman v. Tayolr, supra, 329 U.S. at page 507, 67 S.Ct. at page 392.

**1.** Plaintiff requests an order directing the defendant "to cease forthwith from taking the depositions of the plaintiff." Fed.Rules Civ.Proc. rule 30(b), 28 U.S.C.A., provides that the court may limit the taking of depositions and may make any other order which justice requires to protect a party from annoyance, embarrassment, or oppression. It appears from the record that plaintiff has been subjected to one (1) full day of interrogation, June 21, 1951, from 10 a. m. to 5:30 p. m., and presumably there was a recess for lunch. It cannot be said that the time involved was unduly long. No case has been found wherein an order was entered against further depositions when only one (1) day was devoted to the interrogation. So much of the motion which requests an order requiring defendant to cease from taking further depositions is denied.

In the alternative, plaintiff seeks an order to limit the scope or manner of taking depositions on the ground that it is being conducted in bad faith and in such manner as to annoy, embarrass, or oppress the plaintiff. The brief submitted by plaintiff cites a few examples of such alleged conduct, but these are not so serious as to warrant an order at this time. The court has read the 234-page transcript of the depositions in its consideration of this motion.

Certainly, the plaintiff's relations with Mr. William Recht, the former vice president of defendant-corporation, may prove pertinent at the trial. The scope of examination is defined in Rule 26(b) as "* * * any matter, not privileged, which is relevant to the subject matter involved * * *." The language is broad. It cannot be said that the matters inquired into were not relevant to the subject matter or that they would not "lead to the discovery of admissible evidence." Would that judges had the means of divination to forecast the former resulting in the latter with unfailing accuracy. We can only be as accurate as a weather forecaster. Need I say more?

Of course, matters which come within the purview of the attorney-client

Sidney Berg, Elizabeth, N. J., for plaintiff.

Elias A. Kanter, Newark, N. J., for defendant.

MODARELLI, District Judge.

Plaintiff filed a notice of motion requesting relief in three (3) categories:

privilege must not be inquired into unless waived.

■■ 2. Plaintiff moves the court to suppress a Notice to Produce dated June 22, 1951, insofar as it is directed to "or whom it may concern." The notice requests production of specified documents at the taking of depositions of plaintiff. The Federal Rules make no provision for a notice to produce, but plaintiff has waived his objections to the form of the request for documents. The objection will be determined, therefore, by reference to Rule 45(d) (1). This is permissible under Smith v. Bentley, D.C.S.D.N.Y., 1949, 9 F.R.D. 489, 490, and Society of Independent M.P.P. v. United Detroit Theatres Corp., D.C.E.D.Mich. 1948, 8 F.R.D. 453. So much of plaintiff's motion which requests the court to suppress the phrase "or whom it may concern" is granted, and that portion is ordered stricken from the Notice to Produce.

3. Lastly, plaintiff moves that certain paragraphs of the Notice to Produce be stricken on the grounds that they are "too broad in scope, too vague and indefinite, not relevant to the issue herein, or constitute a violation of privilege * * *."

■■ Rule 45(d) (1) determines the disposition of this final request. Under this rule, the subpoena may command a person to produce at the taking of depositions, designated books, papers, documents, or tangible things which constitute or contain evidence relating to any of the matters within the scope of Rule 26(b). The scope of defendant's request may thus be very broad. A study of the Notice to Produce indicates that the documents requested are sufficiently specific as designated. A subpoena need not necessarily be quashed because the documents sought are voluminous and cumbersome and because considerable trouble and expense are involved in producing them. Barron & Holtzoff, Sec. 1005, at page 718. This portion of plaintiff's motion is, therefore, denied. However, defendant will be cautioned to note that he cannot expect the plaintiff at his own expense to compile the information desired from his records, and that if the plaintiff is subjected to any unusual expense in procuring the requested documents, the court may require that the reasonable cost of such production be assessed against the defendant.

Motion granted to extent indicated herein.

An order may be submitted in conformity with the opinion herein expressed.