William L. WIMBERLY, Petitioner,

v.

John M. IMEL, Municipal Judge, and Robert Mawhinney, Alternate Judge, of the Municipal Criminal Court of the City of Tulsa, Oklahoma, Respondents.

No. A–12947.

Court of Criminal Appeals of Oklahoma.

Feb. 22, 1961.

John L. Ward, Jr., Tulsa, Valdhe F. Pitman, Oklahoma City, for petitioner.

Charles E. Norman, City Atty., Henry Kolbus, Asst. City Atty., Tulsa, for respondents.

BUSSEY, Judge.

The petitioner, William L. Wimberly, a professional bondsman in the City of Tulsa, Oklahoma, seeks a writ of prohibition against the judges of the Municipal Criminal Court of Tulsa, Oklahoma, preventing them from proceeding to try him on a charge of violating City Ordinance No. 6072, § 16(b), the material part of which is:

"A professional bondsman shall not enter a jail, or other place where persons charged with offenses cognizable by the Municipal Court of the City of Tulsa are detained in the City of Tulsa for the purposes of obtaining employment as a bondsman, without having been previously called by a person so

## 232

detained or by some relative, or other person or officer authorized by and acting for and on behalf of the person so detained."

The petitioner urges that he is entitled to relief by reason of the unconstitutionality of said ordinance, in that it is in conflict with 18 O.S.1951 § 481 et seq. of the Oklahoma Statutes. It should be noted at the outset that none of the provisions of 18 O.S.1951 § 481 et seq. attempt to regulate city jails.

The petitioner further contends that the "licensing provision" of the ordinance is in conflict with the statutory provisions cited above, in that the State has exercised a preemptive right to regulate the licensing of professional bondsmen and surety companies and that the ordinance is therefore unconstitutional. Since it appears that the petitioner has paid the licensing fee and met the other requirements established by the ordinance in question, the constitutionality of the "licensing provision" is not properly before this court.

"The prerogative writ of prohibition should be issued with forbearance and caution, and only in cases of necessity, and not in doubtful cases." Burns v. District Court of Oklahoma County, Okl.Cr., 335 P.2d 923, 924. Moreover, the Court of Criminal Appeals has no desire to exercise the right of prohibition or of habeas corpus in passing upon the constitutionality of statutes, but has the undoubted right to do so and under certain circumstances will exercise that right. Bennett v. District Court of Tulsa County, 81 Okl.Cr. 351, 162 P.2d 561.

In the instant case it does not appear that the petitioner has raised the constitutionality of the ordinance before the trial court or does it appear that he is charged with more than one violation of the ordinance. We cannot assume that the trial court will incorrectly rule on this matter if properly presented to it. The petitioner has an adequate remedy at law, and if the trial court incorrectly rules on questions of law or admissibility of evidence, a timely appeal may be reviewed by this court.

It does not appear that the issuance of this writ is necessary to avoid a multiplicity of suits or that public good demands that it issue but rather as was stated in the body of the opinion of Farmer v. Sanford, Okl. Cr., 353 P.2d 709, at page 712:

It would paralyze and defeat the enforcement of criminal law if writs of prohibition were issued to correct erroneous application of the law where the court had jurisdiction of the subject matter and of the person of defendant, writs of prohibition should not be issued nor used for the purpose of appealing cases upon the installment plan.

We believe that this reasoning is applicable to city ordinances as well as to state statutes, and it was so held in Application of Heffner, 16 Okl.Cr. 691, 182 P. 88, wherein this court ruled that prohibition would not lie to test the constitutionality of an ordinance, but that the petitioner should seek other remedies available at law.

For the reasons set forth herein, the writ is denied.

NIX, P. J., and BRETT, J., concur.