RICHARD WOODALL

*v.*

JOSEPH A. LAURITA, JR., *etc., et al.*

(No. 13283)

Submitted April 24, 1973.　　　Decided May 29, 1973.

*Richard E. Rowe, Clark B. Frame,* for relator.

*Chauncey H. Browning, Jr.,* Attorney General, *Richard E. Hardison,* Deputy Attorney General, *E. Leslie Hoffman, III,* Assistant Attorney General, for respondents.

NEELY, JUDGE:

On November 29, 1972, the petitioner applied to this Court for a writ of prohibition to prohibit the Honorable Marvin R. Kiger, Judge of the Circuit Court of Monongalia County, West Virginia, and Joseph A. Laurita, Jr., Prosecuting Attorney of Monongalia County, from trying the petitioner on November 30, 1972. On November 29, 1972 this Court issued a rule to show cause and stayed all further proceedings in the case.

The petitioner was indicted on October 5, 1972 by a grand jury in Monongalia County for the alleged murder on August 5, 1972 of Johnna Lynn Benson, a three-year-old child. Petitioner filed in this Court copies of newspaper stories circulated in Monongalia County in August and November of 1972, which discussed the problem of child abuse in general, and allegedly implied that petitioner was guilty of criminally causing the death of Johnna Lynn Benson. The petitioner alleged in his petition that the avalanche of publicity which appeared in the Morgantown papers was generated by the prosecuting attorney, Joseph A. Laurita, Jr.

Before petitioner's trial in the circuit court was scheduled to begin, petitioner filed a motion in the circuit court for a change of venue because of the hostility precipitated by the unfavorable · newspaper publicity. That motion was scheduled for hearing before the circuit court at 1:30 p.m., November 29, 1972, at which time the petitioner avers that he was prepared to present his

evidence and argue his motion. At 4:15 p.m. on Tuesday, November 28, 1972, counsel for petitioner was notified that the prosecuting attorney and assistant prosecuting attorney could not appear at the hearing for a change of venue and that therefore the hearing would be canceled. In response to the cancellation of the argument of the motion for change of venue, the petitioner brought this action in prohibition.

The petitioner has successfully demonstrated a multiplicity of pre-trial errors which, if uncorrected, would deny the petitioner a fair trial. The criminal docket was set on November 9, 1972 when the prosecuting attorney posted a list of seventeen cases, sixteen felonies and one misdemeanor, in the courtroom and clerk's office in the courthouse in Morgantown, West Virginia. The list purported to set all seventeen cases for trial on November 13, 1972. According to the deposition of Jean Friend, Clerk of the Circuit Court of Monongalia County, chaos resulted from the posting of this docket, as the lawyers concerned were unable to subpoena witnesses in an orderly fashion. Mrs. Friend further testified that she had not been consulted by the prosecuting attorney or by the judge of the court before the docket was posted.

Chapter 56, Article 6, Section 1 of the *Code of West Virginia*, 1931, provides that before every term of the circuit court, the clerk shall make out a docket of the cases pending, and that he shall, under control of the court, set the cases to certain days. This statute contemplates an orderly procedure for the setting of the criminal docket, and explicitly contemplates the control of the docket by the court and not by a party litigant. It appears from Mrs. Friend's deposition that the prosecutor did not set any motions for argument; that he failed to set cases for trial in the order in which the defendants were indicted; that he did not set a day certain for each felony case in a reasonable manner; and, that he did not consult with the court and the clerk before posting the cases for trial, all of which is required by the statute.

The evidence adduced concerning the docket is relevant because of the support it gives to petitioner's allegation that the prosecuting attorney unilaterally set criminal motions for argument, canceled such dates as he had previously set for argument, and both scheduled and rescheduled arguments exclusively in accordance with his own convenience. After the rule in prohibition issued, the motion for a change of venue in this case was again set for argument, this time on December 13, 1972, at 1:30 p.m. Two days before the motion was to be heard, the prosecuting attorney changed the date to December 12, 1972 by advising the judge's secretary that he wanted it changed. Defense counsel was not consulted and the judge's secretary rescheduled the hearing. At the hearing on December 12, 1972 defendant appeared with counsel and protested the manner in which the hearing was scheduled as well as the infelicitous time chosen for the hearing. The hearing was set for 1:00 p.m., and it appears that a jury was expected to return at 1:30 p.m. on that same day thus according petitioner a half hour for the introduction of his evidence. At the time of the hearing petitioner did not attempt to argue his motion for a change of venue, and while this Court sympathizes with petitioner's counsel's sense of outrage, we believe that petitioner should have begun introducing his evidence in support of the motion.

Petitioner's most serious allegation, which would assumedly bring the case within the ambit of those instances where a remedy by appeal is inadequate and prohibition is proper, is that the trial judge summarily denied his motion to require the State to produce and allow the petitioner to inspect and copy documents, tangible objects, scientific reports, witnesses' statements, and any exculpatory evidence in the possession or within the knowledge of the State. The motion was duly filed and set for argument on November 14, 1972, at which time the State resisted each and every request, and the motion was denied in its entirety.

The petitioner also made a motion for a bill of particulars which was summarily denied, and petitioner

demonstrates in this proceeding that the prosecuting attorney's office thwarted the defense attorneys in their attempt to contact witnesses. The petitioner alleged and proved that the witnesses were advised by the prosecuting attorney not to make any statements to the defense. In the prohibition proceeding petitioner took the deposition of Trooper Perry L. Ferguson, the member of the Department of Public Safety who investigated the death which is the subject of the principal murder indictment, and who had full knowledge of the evidence in the possession of the prosecuting attorney. Trooper Ferguson declined to make any statement whatsoever concerning the items sought by the defense in its discovery motions, and plainly stated that he was instructed not to answer any questions concerning the evidence in the possession of the prosecution by the then respondent, Joseph A. Laurita, Jr.

It is well-established law that a defendant is entitled to any exculpatory evidence which is in the possession or knowledge of the prosecuting attorney. *State v. McArdle,* 156 W.Va. 409, 194 S.E.2d 174 (1973); *State v. Smith,* 156 W.Va. 385, 193 S.E.2d 550 (1972); *Brady v. Maryland,* 373 U.S. 83 (1963). It appears to be the rule in the more progressive jurisdictions, and we would have it the rule in West Virginia, that because of the extensive power and unequal resources available to the State, trial by ambush is not only unsportsmanlike and ungentlemanly, it is also illegal. *United States v. Consolidated Laundries Corp.,* 291 F.2d 563 (2d Cir. 1961); *United States v. Zborowski,* 271 F.2d 661 (2d Cir. 1959); *United States v. Keogh,* 391 F.2d 138 (2d Cir. 1968); *Jackson v. Wainwright,* 390 F.2d 288 (5th Cir. 1968); *In re Imbler,* 60 Cal. 2d 554, 387 P.2d 6 (1963); *People v. Reed,* 27 Cal. App. 2d 484, 81 P.2d 162 (1938); *Cordry v. Superior Court of Santa Clara County,* 161 Cal. App. 2d 267, 326 P.2d 222 (1958); *Trimble v. State,* 75 N.M. 183, 402 P.2d 162 (1965).

On January 1, 1973, David L. Solomon succeeded Joseph A. Laurita, Jr. as Prosecuting Attorney of Monongalia County. On April 24, 1973, David L. Solomon filed an

affidavit in this Court as part of his brief in this matter in which he averred that it has been the policy of the prosecuting attorney's office since his installation voluntarily and freely to comply with all proper and legal motions for discovery by criminal defendants. He further averred that he will make available to the petitioner any and all proper and legal evidence requested without opposing a motion for such discovery in the circuit court, and that the petitioner will be able to prepare his defense, and that he will provide the petitioner with a proper and legal answer to his motion for a bill of particulars.

Were the Prosecuting Attorney of Monongalia County, who is a co-respondent in this action, still Joseph A. Laurita, Jr., this Court would find it incumbent upon it to issue a writ of prohibition. The writ of prohibition lies as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy or, having such jurisdiction, exceeds its legitimate powers. Chapter 53, Article 1, Section 1, *Code of West Virginia,* 1931. In this case the defendant seeks to invoke prohibition on the grounds that the court has exceeded its legitimate powers, and not on the grounds of lack of jurisdiction. In this type of case the issuance of the writ is discretionary with the appellate court. Prohibition will issue only in clear cases of abuse. *Brown v. Arnold,* 125 W.Va. 824, 26 S.E.2d 238 (1943). Prohibition cannot be substituted for a writ of error and appeal unless it appears under all of the facts and circumstances of the case that a writ of error and appeal is an inadequate remedy. *State ex rel. Cosner v. See,* 129 W.Va. 722, 42 S.E.2d 31 (1947). The question of whether the remedy by appeal is adequate rests in the sound discretion of the court to which application is made. A definite rule cannot be established to determine in advance whether a remedy by appeal fully meets the requirements of justice in a particular case, and the adequacy of such remedy in any given case is to be determined in light of all the facts and circumstances. 73 C.J.S., *Prohibition,* § 16.

Under the facts of this case, it appears that Joseph A. Laurita, Jr.'s successor in office, David L. Solomon, has admitted by his affidavit the egregious failures of due process precipitated by his predecessor in office. The tone of Mr. Solomon's argument in this Court indicates his regret that the reprehensible proceedings in this case were conducted within his county.

The proper forum for the determination of motions for a bill of particulars, a change of venue, criminal discovery, and cooperation in interviewing witnesses, is the trial court. These motions necessarily involve the exercise of discretion, and the correctness of discretionary rulings should ordinarily be challenged at a time when the entire record is available to an appellate court. The piecemeal challenge of discretionary rulings through writs of prohibition does not facilitate the orderly administration of justice.

In light of the affidavit of the respondent successor prosecuting attorney, this Court finds that the facts of this case no longer warrant a finding of flagrant abuse of legitimate powers which would justify the issuance of a writ of prohibition, and that petitioner's grounds for complaint have been vitiated by a change of circumstances.

Accordingly the writ prayed for is denied.

*Writ denied.*