395 S.E.2d 502

### Dionisio E. POLICARPIO, M.D.

v.

### Hon. Tod J. KAUFMAN, Judge of the Circuit Court of Kanawha County, and Wallace G. Hayner, by his Daughter and Next Friend, Phyllis H. Dean.

### No. 19458.

Supreme Court of Appeals of
West Virginia.

June 27, 1990.

George B. Morrone, III and James D. McQueen, Jr., McQueen Law Offices, Charleston, for Dionisio E. Policarpio, M.D.

Tod J. Kaufman, Judge, Circuit Court, Charleston, pro se.

Crystal Hawkins, Charleston, for Wallace G. Hayner.

MILLER, Justice:

In this original prohibition, the relator, Dionisio E. Policarpio, M.D., seeks to prohibit the respondent from ordering the continuation of his deposition. He is a defendant in a medical malpractice civil action pending in the Circuit Court of Kanawha County, West Virginia. The deposition of the relator began at approximately 1:30 p.m. on December 13, 1989, and continued until approximately 5:00 p.m. on that date. At that point, the relator's counsel stated on the record that he was terminating the deposition pursuant to Rule 30(d) of the West Virginia Rules of Civil Procedure (W.Va.R.Civ.P.).[1] The ground for terminating the deposition was that it was being conducted so as to harass, embarrass, humiliate, and annoy the relator. The relator's counsel stated that if plaintiff's counsel wanted to continue the deposition, he "can take us to court."

The following day, December 14, 1989, plaintiff's counsel attempted to schedule an "emergency" hearing in the Circuit Court of Kanawha County on a motion to compel continuation of the deposition. The priority judge's schedule would not allow an immediate hearing, and the circuit court's administrator's office referred the plaintiff to other judges in the circuit. After being informed that Judge Kaufman was available on the morning of December 15, 1989, plaintiff's counsel gave notice of a hearing to the relator, both by telephone and by hand-delivered written notice.

Also, on December 14, 1989, the relator scheduled a hearing with the priority motions judge on the Rule 30(d) motion for January 16, 1990. The relator served the plaintiff that same day by hand delivering a notice of motion.

On December 15, 1989, a hearing took place before Judge Kaufman. The relator appeared, but objected to any arguments about his motion to terminate the deposition, stating that under *Ralston Purina Co. v. McFarland*, 550 F.2d 967, 973–74 (4th Cir.1977), he had followed the appropriate procedure by presenting the matter

---

1. W.Va.R.Civ.P. 30(d) reads:

"*Motion to terminate or limit examination.* —At any time during the taking of the deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the circuit court of the county where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c). If the order made terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent the taking of the deposition shall be suspended for the time necessary to make a motion for an order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion."

to the court by the Rule 30(d) motion scheduled for hearing in January, 1990. It appears that the relator was of the view that Rule 30(d) gave him exclusive control over scheduling the hearing on whether the deposition could be terminated. We do not agree for several reasons.

■ First, the relator's approach at the deposition was misguided when he announced through his attorney that he was *terminating the deposition.* It is clear from the language of Rule 30(d) that it is the court that makes the decision to terminate a deposition upon an application by the deponent. The appropriate initial procedure for a deponent who believes a deposition is being conducted improperly is to suspend the deposition under Rule 30(d) and promptly apply to the court for an order to terminate the deposition or to limit its scope. *See, e.g., Ralston Purina Co. v. McFarland, supra; Hanlin v. Mitchelson,* 623 F.Supp. 452, 455 (S.D.N.Y.1985), *rev'd, in part, on other grounds,* 794 F.2d 834 (2d Cir.1986), *citing Shapiro v. Freeman,* 38 F.R.D. 308, 311–12 (S.D.N.Y.1965); *Paparelli v. Prudential Ins. Co. of Am.,* 108 F.R.D. 727 (D.Mass.1985). *See generally* 4A J. Moore, *Moore's Federal Practice* § 30.61 (1990); 8 C. Wright & A. Miller, *Federal Practice & Procedure: Civil* § 2116 (1970).

■ Second, W.Va.R.Civ.P. 37(a)(2) provides that where a deponent refuses to answer questions at a deposition, the party taking the deposition may move to compel answers.[2] 8 C. Wright & A. Miller, *supra* § 2282; 4A J. Moore, *supra* § 37.02[2]. One obvious reason for this remedy is that

the party seeking the deposition should not be without a means of relief. Otherwise, the deponent, by delaying the filing of a Rule 30(d) motion, could frustrate the other party's ability to obtain prompt discovery.

■ The relator also argues that he has not received adequate notice of the hearing under *Cremeans v. Goad,* 158 W.Va. 192, 210 S.E.2d 169 (1974).[3] The plaintiff responds that the circuit court had the discretion to fix a notice period different from the one stated in W.Va.R.Civ.P. 6(d).[4] Rule 6(d) allows for an expedited hearing as it permits a court to set "a different period [for a hearing] by order of the court."

In *Cremeans,* the judge, who had presided over a four-day trial, expedited a hearing on the defendants' post-trial motion to set aside the verdict, which contained sixty-three grounds of error, in order to conclude action on the motion prior to the termination of his service on the bench. The defendants were notified of the hearing for the first time three hours before it was to occur. On appeal, this Court expressly recognized that the seven-day period in Rule 6(d) "is not, however, a hard and fast rule. If it is shown that a party had actual notice and time to prepare to meet the questions raised by the motion of an adversary, Rule 6(d) should not be applied." 158 W.Va. at 194–95, 210 S.E.2d at 170. Under the facts in the *Cremeans* case, the notice denied the defendants adequate time to prepare.

■ We do not believe in the case now before us that the circuit court went beyond permissible limits. *Cremeans* is distinguishable on two grounds. This case involves pretrial discovery and raises only

---

2. W.Va.R.Civ.P. 37(a), in relevant part, states:

   *"Motion for order compelling discovery.*—A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:

   "(1) Appropriate Court.—An application for an order to a party may be made to the court in which the action is pending, or, on matters relating to a deposition, to the circuit court of the county where the deposition is being taken....

   "(2) Motion.—If a deponent fails to answer a question propounded or submitted under Rule 30 or 31 ... the discovering party may move for an order compelling an answer, or a

designation, or an order compelling inspection in accordance with the request."
Rule 37(a)(1) and (2) of the Federal Rules of Civil Procedure contain identical language.

3. We find that the plaintiff satisfied the form of notice requirements of W.Va.R.Civ.P. 7(b)(1) by serving "a written notice of the hearing of the motion."

4. W.Va.R.Civ.P. 6(d) states, in pertinent part: "[N]otice of the hearing thereof shall be served not later than 7 days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court."

one issue, i.e., whether to stop a deposition that was allegedly being conducted in a manner to unreasonably annoy, embarrass, or oppress the deponent. Second, there is also a need to act promptly on discovery controversies, in particular those that involve a suspension of a deposition in order to conserve the time of the deponent and the various parties.

The Rules of Civil Procedure generally provide for broad discovery to ferret out evidence which is in some degree relevant to the contested issue.[5] This broad discovery policy is incorporated in Rule 30(d), which limits only *unreasonable* annoyance, embarrassment, or oppression during a deposition. Federal cases follow this view under their similar rules. In *Application of Zenith Radio Corp.*, 1 F.R.D. 627, 629 (E.D.Pa.1941), the court denied Rule 30(d) restrictions, stating that "[t]he deponent has no redress unless the annoyance, embarrassment, or oppression will be unreasonable." In *Miller v. Sun Chemical Corp.*, 12 F.R.D. 181 (D.C.N.J.1952), a motion to cease the taking of further depositions was denied when it appeared from the record that the plaintiff had been subjected to only one full day of interrogation. The court stated that it could find no case wherein an order had been entered limiting further depositions when only one day had been devoted to the interrogation. *See also DeWagenknecht v. Stinnes*, 243 F.2d 413 (D.C.Cir.), *cert. denied*, 355 U.S. 830, 78 S.Ct. 44, 2 L.Ed.2d 43 (1957) (deposition terminated after thirteen days of cross-examination and witness in ill health). *See generally* 4A J. Moore, *supra* § 30.61; 8 C. Wright & A. Miller, *supra* § 2116; 23 Am. Jur.2d *Depositions & Discovery* § 159 (1983).

■ None of these extreme facts appear in the case now before us. The relator was subjected to one-half day's questioning which included some heated interchange, but this does not rise to the unreasonable standard set forth in the rules. The circuit court, therefore, did not deprive the relator of his procedural or substantive due process rights and did not exceed its legitimate powers in granting the plaintiff's motion to compel or in finding no reasonable cause for termination of the deposition.

■ Prohibition is ordinarily inappropriate in matters involving a trial court's pretrial ruling on discovery or the admissibility of evidence. We spoke to this latter area in Syllabus Point 2 of *State ex rel. Williams v. Narick*, 164 W.Va. 632, 264 S.E.2d 851 (1980): "In the absence of compelling evidence of irremediable prejudice, a writ of prohibition will not lie to bar trial based upon the judge's pretrial ruling on a matter of evidentiary admissibility." We now modify Syllabus Point 2 to include pretrial discovery:

"In the absence of compelling evidence of irremediable prejudice, a writ of prohibition will not lie to bar trial based upon the judge's pretrial ruling on a matter of evidentiary admissibility [or pretrial discovery]."

It is, therefore, Adjudged and Ordered that the writ of prohibition be denied.

Writ denied.