575 S.E.2d 124

**STATE of West Virginia ex rel. Jerry SHELTON, Petitioner,**

v.

**Honorable Robert A. BURNSIDE, Jr., Judge of the Circuit Court of Raleigh County, Performance Coal Company and A.T. Massey Coal Company, Inc., Respondents.**

No. 30671.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 17, 2002.

Decided Nov. 4, 2002.

Dissenting Opinion of Justice McGraw Jan. 6, 2002.

Karen B. Kostol, Esq., John L. McFerrin, Esq., Beckley, for Jerry Shelton.

Daniel L. Stickler, Esq., Erin Magee Condaras, Esq., Jackson & Kelly, PLLC, Charleston, for Performance Coal Co. & A.T. Massey Coal Co.

MAYNARD, Justice.

The relator and plaintiff below, Jerry Shelton, seeks a writ of prohibition to prevent the Circuit Court of Raleigh County from admitting evidence of offers of settlement, which he or his counsel made, in the relator's discrimination trial against the respondents and defendants below, Performance Coal Company and A.T. Massey Coal Company. For the reasons set forth below, we deny the writ.

## I.

### FACTS

The relator and plaintiff below, Jerry Shelton, was employed as a beltman for the respondent and defendant below, Performance Coal Company ("Performance"), when he injured his right shoulder and arm on November 4, 1997. Specifically, the relator tore the rotator cuff in his right shoulder and biceps tendon in his right arm. He underwent surgery in December 1997 and received workers' compensation temporary total disability benefits from November 5, 1997, his last day of work, through October 28, 1998.

After his surgery, the relator never returned to work at Performance. The evidence indicates that the relator continued to have difficulty raising his right arm above shoulder level and lifting heavy objects. In a June 9, 1998, report, Employer Services Corporation, a service company that handles workers' compensation matters for the respondents, noted that, according to Performance, no alternative position was available for the relator if he was unable to return to

his pre-injury position. The relator was ultimately granted a 21% workers' compensation permanent partial disability award and social security disability benefits.

The relator sued Performance and its parent company, A.T. Massey Coal Company, Inc., also a respondent herein, in the Circuit Court of Raleigh County alleging workers' compensation discrimination and wrongful termination under the Human Rights Act.[1] Prior to trial, the respondents indicated their intention to introduce at trial written representations of the relator's workers' compensation counsel that the relator is unable to work.[2] They further intended to introduce the testimony of one of their supervisors to the effect that the relator sought only to settle his workers' compensation claim and did not request to return to work.

The relator moved in limine to exclude any statements made during settlement negotiations under Rule 408 of the West Virginia Rules of Evidence. According to the parties, the circuit court, at a pre-trial conference, indicated that it was inclined to deny the relator's motion in limine as long as an acceptable limiting instruction could be drafted to explain the reason for the admission of the evidence. The relator subsequently filed a petition for a writ of prohibition with this Court to prevent the introduction of evidence of any offers of settlement which he or his counsel made or any evidence of negotiations or conversations concerning settlement. This Court issued a rule against the respondents directing them to show cause why a writ of prohibition should not be awarded as prayed for by the relator.

## II.

## STANDARD OF REVIEW

The general standard for issuance of the writ of prohibition is set forth in W.Va.Code § 53–1–1 (1923) which states that "[t]he writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers." This Court has held that "[p]rohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for [a petition for appeal] or certiorari." Syllabus Point 1, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953). The relator herein does not claim that the circuit court has no jurisdiction but rather that it has exceeded its legitimate powers.

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

---

1. In his brief to this Court, the relator avers that he is a person with a disability within the meaning of the Human Rights Act, W.Va.Code §§ 5–11–1, *et seq.*, and is therefore entitled to reasonable accommodation. He further states that he is a workers' compensation claimant who is now able to return to work and is therefore entitled to the protections of W.Va.Code §§ 23–5A–1, *et seq.*

2. The respondents attached as exhibits to their brief copies of letters the relator's counsel sent to Performance which contain offers to settle the relator's workers' compensation claim, including permanent total disability.

Syllabus Point 4, *State ex rel. Hoover v. Berger,* 199 W.Va. 12, 483 S.E.2d 12 (1996). With these precepts to guide us, we now consider the issue presented.

### III.

### DISCUSSION

■ As noted above, the relator contends that evidence of prior negotiations to settle a claim is excluded by Rule 408 of the West Virginia Rules of Evidence. According to Rule 408:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Essentially, the relator argues that the respondents intend to use evidence of settlement negotiations to prove the invalidity of his claim, specifically, that he is unable to perform any job that he requested. Therefore, says the relator, admission of the evidence would be a clear error of law. Moreover, the relator avers that this Court should correct the legal error now, by issuing the writ of prohibition, to prevent the inefficiency that would result from an appeal and the award of a new trial.

The respondents counter that they do not seek the admission of the evidence to show the invalidity of the relator's claims but rather to impeach the relator's assertion that he was able to return to work and that he requested an alternative job. They also as-

sert that the evidence is admissible to show their state of mind at the time.

■ Our general rule provides that "[p]rohibition is ordinarily inappropriate in matters involving a trial court's pretrial ruling on ... the admissibility of evidence." *Policarpio v. Kaufman,* 183 W.Va. 258, 261, 395 S.E.2d 502, 505 (1990). In *State ex rel. Williams v. Narick,* 164 W.Va. 632, 264 S.E.2d 851 (1980), the accuser, who was charged with murder, sought a writ of prohibition contesting the trial court's rulings concerning the admissibility of confessions made by the accused and his competence to stand trial. This Court denied the writ, and explained that "[i]n the absence of jurisdictional defect, the administration of justice is not well served by challenges to discretionary rulings of an interlocutory nature. These matters are best saved for appeal and, as a general rule, do not present a proper case for issuance of the writ." *Narick,* 164 W.Va. at 636, 264 S.E.2d at 854 (citations omitted). In Syllabus Point 2 of *Narick,* we held that "[i]n the absence of compelling evidence of irremediable prejudice, a writ of prohibition will not lie to bar trial based upon the judge's pretrial ruling on a matter of evidentiary admissibility."

■ We find no compelling reason why the general rule set forth above should not apply to the facts of this case. In Syllabus Point 2 of *Woodall v. Laurita,* 156 W.Va. 707, 195 S.E.2d 717 (1973), this Court held:

> Where prohibition is sought to restrain a trial court from the abuse of its legitimate powers, rather than to challenge its jurisdiction, the appellate court will review each case on its own particular facts to determine whether a remedy by appeal is both available and adequate, and only if the appellate court determines that the abuse of powers is so flagrant and violative of petitioner's rights as to make a remedy by appeal inadequate, will a writ of prohibition issue.

Under the particular facts of this case, a remedy by appeal is both available and adequate. Our law plainly says that a writ of prohibition may not be used as a substitute for appeal.

In addition, we have held that "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court." Syllabus Point 2, in part, *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977). The relator is challenging the circuit court's ruling on the admissibility of evidence. In Syllabus Point 1, in part, of *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995), this Court held:

> The West Virginia Rules of Evidence . . . allocate significant discretion to the trial court in making evidentiary . . . rulings. Thus, rulings on the admissibility of evidence . . . are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary . . . rulings of the circuit court under an abuse of discretion standard.

We have recognized specifically that "the decision of whether to admit evidence of compromise offers for a purpose other than to 'prove liability for or invalidity of the claim or its amount,' W.Va.R.Evid. 408, is within the sound discretion of the circuit court." *Lively v. Rufus*, 207 W.Va. 436, 447, 533 S.E.2d 662, 673 (2000), *citing* 1 Franklin D. Cleckley, *Handbook on Evidence for West Virginia Lawyers* § 4–8(F), at 402 (3d ed.1994). Therefore, if the circuit court's ruling in the instant case is wrong, it amounts to a simple abuse of discretion which is not correctable by a writ of prohibition.

Further, it is preferable that this Court review the circuit court's ruling when we have the full trial record before us. As this Court has previously recognized, "the correctness of discretionary rulings should ordinarily be challenged at a time when the entire record is available to an appellate court." *Woodall v. Laurita*, 156 W.Va. 707, 713, 195 S.E.2d 717, 720–721 (1973). West Virginia Rule of Evidence 408 is not absolute. By its own terms, it does not mandate exclusion of evidence of conduct or statements made in compromise negotiations if the evidence is otherwise discoverable, and it does not mandate the exclusion of such evidence if it is offered for another purpose. Notably, the circuit court's ruling appears to be contingent on the drafting of a proper limiting instruction. The circuit court may avoid the proscriptions of Rule 408 with a carefully crafted instruction, and, perhaps, sensitive redaction of any doubtful portions of the challenged evidence proffered. We cannot assume that the trial court will rule incorrectly on this matter if it is properly presented to it during trial. Therefore, we believe it is premature for this Court to assess the propriety of admitting the challenged evidence.

Finally, there is a significant practical reason for not allowing challenges, by use of the writ of prohibition, to every pretrial discretionary evidentiary ruling made by trial courts. Such use of the writ would effectively delay trials interminably while parties rushed to this Court for relief every time they disagree with a pre-trial ruling. The fact remains that "[t]he piecemeal challenge of discretionary rulings through writs of prohibition does not facilitate the orderly administration of justice." *Woodall*, 156 W.Va. at 713, 195 S.E.2d at 721. Said another way, "writs of prohibition should not be issued nor used for the purpose of appealing cases upon the installment plan." *Wimberly v. Imel*, 358 P.2d 231, 232 (Okla.Crim.App. 1961).[3]

---

**3.** We deem it necessary to comment on the fact that all this Court has before it concerning the circuit court's ruling is the bare representation, which actually appears in the respondents' brief, that the circuit court "indicated from the bench that [it] was inclined to deny the [relator's] motion in limine as long as an acceptable limiting instruction could be drafted to explain the reason for the admission of this evidence." This Court has said that "[w]hen a court is under no duty to make findings on an interlocutory order, courts have placed the burden on the complaining party to request the court issue an order containing adequate findings." *State ex rel. Allstate Ins. v.*

*Gaughan*, 203 W.Va. 358, 367, 508 S.E.2d 75, 84 (1998) (citations omitted). In the instant case, the circuit court was under no duty to make findings on its pre-trial evidentiary ruling, however, the relator had an affirmative duty to request that the circuit court issue a written order containing adequate findings for review by this Court. In Syllabus Point 6 of *Gaughan, supra*, this Court held:

> A party seeking to petition this Court for an extraordinary writ based upon a non-appealable interlocutory decision of a trial court, must request the trial court set out in an order findings of fact and conclusions of law that

## III.

## CONCLUSION

In sum, we find that prohibition is not appropriate in this case. A remedy by appeal is both available and adequate. Also, at most, the circuit court's ruling involves a simple abuse of discretion against which the writ will not lie. In addition, this Court can better assess the propriety of discretionary evidentiary rulings when we have the entire record available. Further, we are unable to conclude that the circuit court's ruling is a substantial, clear-cut error. Finally, we believe that the piecemeal challenge to discretionary rulings through writs of prohibition should be discouraged. Accordingly, for all of these reasons, we deny the writ prayed for by the relator.

Writ denied.

McGRAW, Justice, dissenting.

(Filed Jan. 6, 2002)

The petitioner in this case argues that our rules of evidence prohibit the admission of the statements in question. As the applicable rule states, in part:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.

W. Va. R. Evid. 408.

Although the respondent maintains otherwise, it appears the only reason for admitting the statements would be to show the "invalid-ity of the claim" made by the petitioner. I fear that allowing the disclosure of such evidence will impair settlement proceedings in future employment cases. Because I fear that this decision may discourage settlements and thereby further crowd court dockets, I respectfully dissent.

---

support and form the basis of its decision. In making the request to the trial court, counsel must inform the trial court specifically that the request is being made because counsel intends to seek an extraordinary writ to challenge the court's ruling. When such a request is made, trial courts are obligated to enter an order containing findings of fact and conclusions of law. Absent a request by the complaining party, a trial court is under no duty to set out findings of fact and conclusions of law in non-appealable interlocutory orders.

Because there is no written order containing findings of fact and conclusions of law accompanying the relator's petition to this Court, we can only presume that the relator wholly failed to perform his duty set forth above. For the reasons previously stated, we have determined that prohibition plainly does not lie in this case. Otherwise, we may have been compelled to remand the case for the purpose of having the circuit court set out the necessary findings, an exercise which would have expended additional judicial time and resources.