No. 13-1153 - <u>State of West Virginia ex rel. Owners Insurance Company v. Honorable Warren R. McGraw, Judge of the Circuit Court of Wyoming County, West Virginia, and Morlan Enterprises, Inc.</u>

**FILED**

**June 18, 2014**

**released at 3:00 p.m.**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

LOUGHRY, Justice, concurring:

I concur in the judgment of the majority in denying the petitioner's request for a writ of prohibition.[1]  I write separately to explain why I believe extraordinary relief should be parsimoniously granted rather than serving as an interlocutory review of a trial court's pretrial rulings.

---

[1]In syllabus point four of  *State ex. rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996), we explained that

> [i]n determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important issues of law of first impression.  These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue.  Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

1

The petitioner has sought a writ of prohibition to reverse various pretrial orders entered by the trial court. These orders involve rulings on a choice of law issue, the denial of the petitioner's motion to dismiss for lack of personal jurisdiction, the award of partial summary judgment in favor of respondent Morlan Enterprises allowing its claim against the petitioner for first party bad faith and Unfair Trade Practices Act violations to proceed, and the grant of a motion *in limine* prohibiting the petitioner from presenting evidence of the payment of attorney's fees, which are sought by Morlan, but which were paid by another source.

In determining whether to issue a writ of prohibition, I first observe that "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court . . . . W.Va. Code, 53-1-1." Syl. pt. 2, in part, *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977); *see also State ex rel. Allen v. Bedell*, 193 W.Va. 32, 37, 454 S.E.2d 77, 82 (1994) (Cleckley, J., concurring) ("Mere doubt as to the correctness of a trial court's ruling on a motion *in limine* regarding an evidentiary issue is an insufficient basis to invoke this Court's writ power."). Indeed, "[i]n the absence of compelling evidence of irremediable prejudice, a writ of prohibition will not lie to bar trial based upon a judge's pretrial ruling on a matter of evidentiary admissibility." Syl. Pt. 2, *State ex rel. Williams v. Narick*, 164 W.Va. 632, 264 S.E.2d 851 (1980)).

I further observe that decades ago, this Court explained that "[t]he writ of prohibition . . . does not lie to correct mere errors; and it cannot be allowed to usurp the functions of appeal, writ of error or *certiorari*." *State ex rel. City of Huntington v. Lombardo*, 149 W.Va. 671, 679, 143 S.E.2d 535, 541 (1965). This Court has also cautioned that it

> will look to the adequacy of other available remedies such as appeal and to the over-all economy of effort and money among litigants, lawyers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.

Syl. Pt. 1, in part, *Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d 744 (1979). More recently, in Justice Cleckley's well-reasoned concurrence in *Bedell*, he explained that

> [t]he "'[l]iberal allowance'" of extraordinary writs "'degrades the prominence of the trial'" and it undermines our statutory provisions limiting appellate review to final judgments. *Brecht v. Abrahamson*, 507 U.S. 619, ---- - ----, 113 S.Ct. 1710, 1720-21, 123 L.Ed.2d 353, 371 (1993), quoting *Engle v. Isaac*, 456 U.S. 107, 127, 102 S.Ct. 1558, 1571, 71 L.Ed.2d 783, 800 (1982).

*Bedell*, 193 W.Va. at 36, 454 S.E.2d at 81. As Justice Cleckley expounded,

> When appropriate, writs of prohibition and mandamus provide a drastic remedy to be invoked only in extraordinary situations.
>
> * * * *

3

> [t]o justify this extraordinary remedy, the petitioner has the burden of showing that the lower court's jurisdictional usurpation was clear and indisputable and, because there is no adequate relief at law, the extraordinary writ provides the only available and adequate remedy. Thus, writs of prohibition, as well as writs of mandamus and habeas corpus, should not be permitted when the error is correctable by appeal.

*Id.,* 193 W.Va. at 37, 454 S.E.2d at 82. Admittedly, these are extremely high hurdles that a party must clear before extraordinary relief will be granted, as I believe they should be, but I also believe that if these hurdles are met, extraordinary relief should be granted.

In the case at bar, however, like the majority, I see no clear error or excess of legitimate power in the case at bar that is not "correctable by appeal." *Bedell,* 193 W.Va. at 37, 454 S.E.2d at 82. As Justice Cleckley suggested, a factor to be considered in determining whether extraordinary relief is appropriate is "[w]hether the damage *(other than expense and time)* or prejudice suffered by the petitioner is correctable on appeal[.]" *Id.* (emphasis added). Thus, the fact that the parties will expend time and money as the litigation proceeds below does not entitle the petitioner to extraordinary relief, nor should prohibition be used for "the purpose of appealing cases upon the installment plan." *State ex rel. Shelton v. Burnside*, 212 W.Va. 514, 519, 575 S.E.2d 124, 129 (2002) (quoting *Wimberly v. Imel*, 358 P.2d 231, 232 (Okla.Crim.App.1961)); *see also Bedell*, 193 W.Va. at 37, 454 S.E.2d at 82 (Cleckley, J., concurring) ("Unfortunately, in West Virginia the writ of prohibition has been used with increasing frequency as a device to escape from the 'final judgment' rule.").

4

As indicated above, the petitioner seeks extraordinary relief from the trial court's pretrial rulings involving a motion *in limine,* personal jurisdiction, choice of law, and whether respondent Morlan is a first party insured under the policy issued by the petitioner. While I am disappointed that the majority did not undertake a more thorough and complete analysis of these issues, upon consideration of the parties' arguments and the procedural posture of this litigation, I cannot conclude that there is "compelling evidence of irremediable prejudice." Syl. Pt. 2, in part, *Narick*, 164 W.Va. 632, 264 S.E.2d 851. Accordingly, I agree with the majority that under the factors set forth in *Hoover*, these are issues that can be considered on appeal following a final order of the circuit court.

For these reasons, I concur in the majority's decision to deny extraordinary relief in this matter. I am authorized to state that Justice Workman joins in this separate opinion.