# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Petitioner Below, Respondent**

**vs)  No. 17-0365** (Raleigh County 15-CAP-3-K)

**Brenda Jeffrey,**
**Respondent Below, Petitioner**

**FILED**

**June 15, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Brenda Jeffrey, by counsel Roger G. Hanshaw and Cindy J. Fernald, appeals the March 17, 2017, order of the Circuit Court of Raleigh County denying her motion for injunction and prohibition to set aside a ruling or, in the alternative, to remand to magistrate court for fact finding. Respondent, the State of West Virginia ("the State"), by counsel Gordon L. Mowen, II, filed its response, to which petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 23, 2014, August 15, 2014, and August 17, 2014, petitioner's dog, Jasper, attacked and bit two children in Prosperity, Raleigh County, West Virginia, reportedly without provocation. After an investigation, petitioner and Jasper's other owner, Randall Jerome Smith, were criminally charged with harboring a vicious dog. The State filed its "Petition to Destroy Caninus Familiaris" on or about January 16, 2015, in the Circuit Court of Raleigh County. Shortly thereafter, the circuit court held an evidentiary hearing on that motion. During the hearing, the court determined that petitioner and Mr. Smith had surrendered Jasper to the Humane Society of Raleigh County ("HSRC") and did not have standing to contest the State's petition to euthanize the dog.[1] The court found Jasper to be vicious, as defined by West Virginia Code § 19-20-20, and directed that the dog be euthanized. An order to that effect was entered on

---

[1]The "Statement of Voluntary Surrender" petitioner signed specifically provides as follows: "I hereby surrender all of my interest in said animal to the Humane Society of Raleigh County," It appears that petitioner initialed the portion of the form that provides "IT HAS BEEN EXPLAINED TO ME BY THE HSRC THAT AFTER I RELINQUISH THE ANIMAL, IT CANNOT BE RETURNED TO ME." Petitioner's magistrate case number is also included on that form, which was signed on August 20, 2014.

1

February 11, 2015. On March 3, 2015, petitioner and Mr. Smith entered pleas of guilty to harboring a vicious dog before the Magistrate Court of Raleigh County. Both were represented by counsel at that time.

On May 13, 2015, the magistrate who conducted the criminal proceeding held a hearing pertaining to the second element of West Virginia Code § 19-20-20, that is, to determine whether Jasper was dangerous such that he should be euthanized. Petitioner was present during that hearing. The magistrate found that Jasper attacked two children, ages four and eight, unprovoked on three separate occasions. He also found that the injuries they suffered as a result of these attacks required that the children be taken to a hospital on two of those occasions and that the eight-year-old suffered such severe injuries to her arm that she was still seeking medical treatment months after the attack. Based on those findings, he also concluded that Jasper is a vicious dog within the meaning of West Virginia Code § 19-20-20, posed a threat to society, and must be euthanized. The HSRC appealed the magistrate court's May 13, 2015, order, but neither petitioner nor Mr. Smith filed an appeal of their convictions in magistrate court or appealed the magistrate court's decision to euthanize the dog.

On February 23, 2016, the circuit court conducted a hearing pertaining to the HSRC's petition for appeal and writ of prohibition, and determined by order entered on March 1, 2016, that the HSRC did not have standing to bring such appeal or assert other pertinent rights regarding the magistrate court proceedings. The HSRC appealed that order to this Court, and by memorandum decision entered on January 6, 2017, this Court declined to address the HSRC's sole assignment of error due to its inadequate brief before this Court. *State v. Humane Society of Raleigh County, Inc.*, Appeal No. 16-0414, 2017 WL 65476 (W.Va. Jan. 6, 2017)(memorandum decision).

On or about January 31, 2017, the circuit court conducted a hearing "to determine the mechanics of the euthanization of the dog and the effect of [this Court's] [m]emorandum [d]ecision." The circuit court set out a schedule for the destruction of the dog and determined how the euthanization should be carried out. Prior to the expiration of that schedule, petitioner filed in the circuit court a "Motion for Injunction and Prohibition and Motion to Set Aside a Ruling Based on W.Va. Rule 60(B), or in the Alternative, To Remand to Magistrate Court for Fact Finding." The circuit court then heard oral argument on those motions. On March 17, 2017, the circuit court entered its order denying petitioner's motions. At the conclusion of that order, the circuit court denied and refused petitioner's motion for injunction and writ of prohibition; denied petitioner's motion to set aside the magistrate court's ruling pursuant to Rule 60(b), or in the alternative, remand to the magistrate court for fact finding; affirmed the May 13, 2015, order of the Magistrate Court of Raleigh County finding that Jasper is vicious and ordering his euthanization; denied petitioner's request to obtain and review the victim's reconstructive medical records; and stayed Jasper's euthanization for thirty days from the date of the order to provide petitioner the opportunity to appeal its decision if desired. Petitioner appeals from that

2

order.[2]

While petitioner's motion below was submitted pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure, the proceeding at issue is a criminal proceeding so Rule 60(b) is inapplicable.[3] We have, however, found that

> "[w]here prohibition is sought to restrain a trial court from the abuse of its legitimate powers, rather than to challenge its jurisdiction, the appellate court will review each case on its own particular facts to determine whether a remedy by appeal is both available and adequate, and only if the appellate court determines that the abuse of powers is so flagrant and violative of petitioner's rights as to make a remedy by appeal inadequate, will a writ of prohibition issue." Syllabus Point 2, *Woodall v. Laurita,* 156 W.Va. 707, 195 S.E.2d 717 (1973).

Syl. Pt. 4, *State ex rel. Shelton v. Burnside*, 212 W. Va. 514, 575 S.E.2d 124 (2002).

On appeal, petitioner asserts four assignments of error, all of which stem from petitioner's right to appear before the magistrate and/or circuit court to oppose the State's petition to destroy Jasper.[4] This Court has long held that it "'may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment.' Syllabus point 3, *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965)." Syl. Pt. 3, in part, *Bowyer v. Wyckoff*, 238 W. Va. 446, 796 S.E.2d 233 (2017). Based upon our review of the record before this Court, we affirm the circuit court's denial of petitioner's motions based upon grounds not set forth by the parties on appeal.

---

[2] On April 18, 2017, the circuit court entered an "Order Extending Stay of Execution of Jasper Pending Appeal" ordering that Jasper remain at the HSRC pending resolution of the appeal before this Court.

[3] *See Durham v. Jenkins*, 229 W. Va. 669, 673, 735 S.E.2d 266, 270 (2012) ("Section 19-20-20, which is entirely criminal in nature . . . . During that criminal proceeding, upon finding that the dog is dangerous, which is an element of the crime to be proved, the judge may then order the dog killed.").

[4] On appeal, petitioner asserts four assignments of error: (1) The circuit court committed plain error by denying its lawful ability to exercise jurisdiction over petitioner's motion for a new hearing for additional findings of fact; (2) by refusing to order a new hearing the circuit court denied petitioner's right to due process under the United States Constitution; (3) by refusing to order a new hearing the circuit court denied petitioner's right to due process under the West Virginia Constitution; and (4) by refusing to order a new hearing the circuit court denied petitioner's right to be assisted by counsel during a critical stage of her criminal case in violation of the United States Constitution.

Because petitioner relinquished Jasper to the HSRC in 2014, we find that she lacks standing to assert an appeal related to the destruction of the dog. As we previously set forth,

> [s]tanding is comprised of three elements: First, the party attempting to establish standing must have suffered an "injury-in-fact" – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent and not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct forming the basis of the lawsuit. Third, it must be likely that the injury will be redressed through a favorable decision of the court.

**FILED**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Syl. Pt. 5, *Findley v. State Farm Mut. Auto. Ins. Co.*, 213 W. Va. 80, 576 S.E.2d 807 (2002). In *Findley*, we stated that "when standing is placed in issue in a case, the question is whether the person whose standing is challenged is a proper party to request an adjudication on a particular issue[.]" *Id.* at 95, 576 S.E.2d at 822 (quoting *Flast v. Cohen*, 392 U.S. 83, 99-100 (1968) (footnote omitted)). While petitioner is the proper party to appeal or attempt to withdraw her plea and resulting sentence, because she has not owned or been the caretaker for Jasper in over three years, she lacks standing to pursue this appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 15, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Loughry, Allen H., II suspended and therefore not participating.

4

