BERTON W. CREMEANS AND

MARTHA WHITE MILLS OF WEST VIRGINIA, INC.

*v.*

HONORABLE JOHN H. GOAD,

*Judge of the Circuit Court of*

*Kanawha County, West Virginia*

(No. 13533)

Decided November 21, 1974.

Opinion filed November 26, 1974.

Spilman, Thomas, Battle & Klostermeyer, John H. Tinney and George G. Guthrie *for relators.*

Preiser & Wilson, Stanley E. Preiser *for respondent.*

SPROUSE, JUSTICE:

In this prohibition proceeding, Berton W. Cremeans and Martha White Mills of West Virginia, Inc., relators, hereinafter referred to as defendants, seek to prohibit John H. Goad, Judge of the Circuit Court of Kanawha County, from hearing, prior to November 25, 1974, certain post-trial motions. The principal question presented for decision requires a determination of whether the trial judge, by advancing the date of hearing the motions upon three hours notice to the movants, has so exceeded the legitimate powers of his office as to lose jurisdiction over the subject matter of the litigation.

This question arises from a personal injury action instituted by Sue Anne Parsons Withrow, plaintiff, against the present defendants and others. The action was tried as to these defendants on October 28, 1974, a verdict being returned on November 1, 1974, in favor of the plaintiff in the amount of $616,000. On November 4, 1974, the trial court entered judgment upon the jury verdict.

Following the entry of judgment, counsel for the defendants filed and served upon plaintiff's counsel a motion to set aside the verdict, and to enter judgment for defendants, or to grant a new trial. Sixty-three grounds of error were assigned in justification of the motion. The motion was filed on November 13, 1974, and the accompanying notice set the hearing for November 25, 1974 at 9:30 a.m.

On November 14, 1974, counsel for the defendant was served at 10:20 a.m. with a certified order of the circuit court, directing that a hearing upon the defendants' motion would be conducted at 1:30 p.m. that day. The order stated: "* * * for good cause shown the time for hearing the defendants' motions is hereby reduced and said hearing shall take place at 1:30 p.m. EST November 14, 1974, in the Court's chambers." The order was obtained upon the ex parte motion of counsel for the plaintiff.

On the same date, but prior to the scheduled time for hearing, this Court upon the petition of the defendants

issued a rule in prohibition, returnable on November 19, 1974, and stayed further proceedings until further order of this Court. Upon the return day of the rule, the case was submitted for decision upon the rule heretofore issued, the pleadings, briefs, and oral arguments of counsel for the respective parties.

Rule 7(b) (1) of the West Virginia Rules of Civil Procedure requires: "An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion."

Rule 6(d) provides: "A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 7 days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application. * * *."

The defendants' motion which set November 25 as a hearing date, complied with the provisions of Rule 6(d) and Rule 7(b) (1). A decision on a motion to alter a previously fixed hearing date must likewise be guided by the principles of Rule 6(d) and in most instances by Rule 7(b) (1).

The language of Rule 6(d), "unless a different period is fixed * * * by order of the court," makes clear that the time requirements may be reduced. Federal courts, interpreting the similar provisions of Rule 6(d) of Federal Rules of Civil Procedure, have reached the same conclusion. *United States v. Fitch,* 472 F.2d 548 (9th Cir.); *In re Tierney,* 465 F.2d 806 (5th Cir.); *In re Russo,* 448 F.2d 369 (9th Cir.); *Herron v. Herron,* 255 F.2d 589 (5th Cir.). *See,* 1 Kooman, *Federal Civil Practices,* Section 6.06, page 199, wherein it is said: "* * * Rule 6(d) is not, however, a hard and fast rule. If it is shown that a party had actual notice and time to prepare to meet the questions raised

by the motion of an adversary, Rule 6(d) should not be applied." *See also,* 4 Wright and Miller, *Federal Practice and Procedure,* Section 1169, page 643. Such action may be ex parte in exceptional cases, *i.e.,* "for cause shown." 4 Wright and Miller, *Federal Practice and Procedure,* Section 1169, page 643. However, there is nothing in the trial court's order altering the hearing date in this case which indicates such "cause".

The trial judge had presided over a four-day trial and his tenure in office was soon to expire. That was certainly sufficient reason to hear the matter sooner than the earliest date allowed by the mechanical application of the rules. It is laudable that a trial judge in such circumstances would conclude action on post-trial motions prior to the termination of his service on the bench. Although this was not indicated as a ground in the order, it might have been sufficient reason to have heard the matter ex parte, although opposing counsel appears to have been available on a few minutes notice.

Quite apart from the court's authority to amend the date set to hear the original motion, however, is the question of the sufficiency of the notice given the defendants of the new hearing date. It was originally and properly set for November 25. Defendants' counsel was notified for the first time at 10:20 a.m. on November 14 that it was to be heard at 1:30 p.m. that same day— three hours and ten minutes notice.

Rule 6(d) permits parties and the courts flexibility in setting time for hearings—but this is beyond permissible limits. At the minimum, a party proceeding under Rule 6(d) must show that the opposing party had actual notice and some time to prepare to meet the questions raised by the motion. *Herron v. Herron, supra.* Although the wording of Rule 6(d) indicates that it is not primarily for the benefit of the moving party, under the above practice, the moving party needs notice just as does his adversary. The original movants in this case were given almost no notice of a hearing, and had no time to pre-

pare for it. This is a denial of procedural due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article III, Section 10, of the Constitution of West Virginia. *Swallow v. United States*, 380 F.2d 710 (10th Cir.); *State ex rel. Battle v. Demkovich*, 148 W. Va. 618, 136 S.E.2d 895. In view of this, the trial court exceeded its jurisdiction in its order changing the hearing from November 25 to November 14, without sufficient notice to the parties, and therefore, the writ of prohibition will issue prohibiting the trial court from hearing the matter in controversy prior to November 25, 1974, the date set originally by the notice of hearing.

*Writ awarded.*