PHYLLIS POTTER, *et al.*, *Petitioners,*

v.

CHARLES L. MILLER, *etc.*, *et al.*, LOGAN COUNTY

BOARD OF EDUCATION

(No. 15218)

Decided December 18, 1981.

Rehearing Denied February 23, 1982.

*Collier W. Goodlett, Appalred,* for petitioners.

*Anthony G. Halkias, H. Daniel Duvall, Legal Div., Dept. of Highways,* for Miller.

*W. Bernard Smith* for Logan CBE.

PER CURIAM:

Petitioners in this original action in mandamus, parents of children enrolled in the public schools of Logan County, seek to require respondents Charles L. Miller, Commissioner of the West Virginia Department of Highways, the Logan County Board of Education, and Logan County Superintendent of Schools Jack Garret to provide improved access to public education by improving roads and school bus service.* Petitioners have a clear legal right to the relief requested and the writ is awarded.

Petitioners reside in a rural area of Logan County served by four gravel roads maintained by the West Virginia Department of Highways. It is their contention that by a combination of inaction by the respondents school board and the Department of Highways, their children were absent from school at least nine days during the winter of 1980-1981, on which days schools were open in Logan County.

Basically, petitioners claim that, for a significant number of days each winter, the roads complained of are impassable due to poor maintenance by the Department of Highways, and that the school board's response to this situation has been inadequate. There is considerable evidence that maintenance of these roads was given a low priority by the Department of Highways.

---

* Petitioners do not request any relief from Governor John D. Rockefeller, IV, the remaining respondent, and he is dismissed from this action.

Additionally, the Logan County School Board attendance policy treated the children's absences occasioned by the bad conditions of the roads as unexcused absences though clearly they were excused absences by the terms of *W. Va. Code,* 18-8-1(D) and (E) [1951]

In Syllabus Point 2 of *State ex rel. Kucera v. City of Wheeling, supra,* we said:

> "A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of the respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy." Syllabus Point 2, *State ex rel. Kucera v. City of Wheeling,* 153 W. Va. 538, 170 S.E.2d 367 (1969).

Certainly petitioners have a clear legal right to reasonable access to public education for their children. We held in *Pauley v. Kelly*:

> "The mandatory requirements of 'a thorough and efficient system of free schools' found in Article XII, Section 1 of the West Virginia Constitution, make education a fundamental, constitutional right in this State." Syllabus Point 3, *Pauley v. Kelley,* 162 W. Va. 672, 255 S.E.2d 859 (1979).

Where, as here, the deprivation complained of closely touches a fundamental constitutional right, we feel that the petitioners' right to a remedy is clear.

The duty of the Logan County Board of Education to take steps beyond simply running, or attempting to run, standard routes with standard buses, is set forth in *Shrewsbury v. Board of Education of Wyoming County*:

> "When a county board of education has provided a system for the transportation of school children by bus, pursuant to *W.Va. Code,* 18-5-13(6)(a), the refusal of the board to provide such transportation to certain children because the road on which they live is not safe for a large school bus, and the board would have to purchase a new vehicle to traverse the road, denies those children equal protection of the laws as guaranteed by the Four-

teenth Amendment to the United States Constitution." Syllabus Point 1, *Shrewsbury v. Board of Ed., Cty. of Wyoming,* 265 S.E.2d 767 (1980).

While distinguishable on its facts, the basic thrust of *Shrewsbury* is that the board has a duty to seek alternative methods of transporting students if the normal means prove ineffective.

As to the Department of Highways, *W.Va. Code* 17-2A-8(1) [1973] designates the commissioner as being responsible for the maintenance of the system of state roads in West Virginia. Nothing could be clearer than that the Department of Highways has a duty to keep the roads open for travel. As we said in *Walter v. Ritchie,* 156 W. Va. 98, 191 S.E.2d 275 (1972):

> "Where the duty of the highway commissioner is so plain in point of law and so clear in matter of fact that no element of discretion is left as to the precise mode of its performance, such duty is ministerial and a writ of mandamus is proper to compel its performance." Syllabus Point 3, *Walter v. Ritchie,* 156 W. Va. 98, 191 S.E.2d 275 (1972).

Therefore, the Logan County School Board and the Logan County Superintendent of Schools shall make reasonable efforts to:

(1) Devise alternative bus routing to increase access to transportation for petitioners' children during inclement weather; (2) provide shelters for the affected school children in conjunction with the alternative bus routes; (3) notify the local news media immediately upon the determination that these roads are unsafe for school bus travel; (4) require individual bus drivers to report as soon as possible their inability to cover any part of their route; (5) adopt an attendance policy in accord with the requirements of *W. Va. Code,* 18-8-1(D) and (E) and recognize the inability of the students to attend school as a proper excuse for absence; (6) close Hugh Dingess School when a majority of the students cannot reach the school; (7) revise the school term to accommodate Hugh Dingess students when that school has been forced to be closed.

The Department of Highways shall increase the level of maintenance on the roads which are the subjects of this action and shall make every reasonable effort to maintain any alternative bus routes established by the board.

The writ is awarded, as moulded.

*Writ awarded.*