647 S.E.2d 794

**Billy R. TRUMAN, Plaintiff Below, Appellee**

v.

**Thomas C. AUXIER, Defendant Below, Appellant.**

No. 33159.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 13, 2007.

Decided April 6, 2007.

---

Jerome R. Novobilski, Clay, for the Appellee.

Thomas C. Auxier, pro se.

PER CURIAM.

This is an appeal by Thomas C. Auxier (hereinafter "Appellant") from a final order of the Circuit Court of Clay County finding the Appellant in contempt of court. The Appellant contends that he was not provided with proper notice of the hearing on the motion for contempt and that the lower court therefore erred in finding the Appellant in contempt. Upon thorough review of the record, arguments, and applicable precedent, this Court reverses the finding of contempt and remands for further proceedings consistent with this opinion.

I. Factual and Procedural History

This action originated as a dispute concerning the width and proper maintenance of Payne Hollow Road in Clay County, West Virginia. The portion of the extensive dispute which is properly before this Court in this appeal is based upon an October 18, 2005, order of the lower court dictating that

certain fence posts and wiring be removed from the road. The Appellant had apparently placed certain fence posts along the road as part of his effort to maintain the road. He failed to remove the fence posts in response to the October 18, 2005, order.[1] In response to the Appellant's actions, another property owner, Mr. Billy R. Truman (hereinafter "Appellee"), asked the lower court to hold the Appellant in contempt for his failure to remove the fence posts. The motion for contempt alleged that the Appellant had allowed the fence posts and barbed wire to lie on the travel portion of the road and that such action prevented the Department of Highways from cleaning the drainage ditches along the sides of the road.

On November 7, 2005, the lower court mailed a notice of a hearing to the Appellant regarding the motion for contempt. The contempt hearing was held on November 10, 2005. According to the Appellant's Petition for Appeal, he had not received notice of the hearing by the date of the hearing and was therefore not in attendance. He contends that he first received notice of the hearing on November 12, 2005, when he picked up his mail at Indore, West Virginia.[2]

By order dated November 14, 2005, the lower court held the Appellant in contempt of court, giving him twenty-four hours within which to remove the fence posts and requiring him to pay $300.00 in attorney fees. The Appellant petitioned this Court for an appeal of that November 14, 2005, order, and the appeal was granted by order of this Court dated July 7, 2006.

Subsequent to the contempt order upon which the present appeal is based, the lower court issued a permanent injunction against the Appellant on May 17, 2006, preventing him from restricting travel, performing bulldozer operations, expanding the roadway, or harassing or interfering with any other party with regard to the subject road. The court documents submitted in this matter clearly indicate that the subject road is designated as a county road and that the State of West Virginia is responsible for the maintenance of said road.

In September 2006, the Appellant petitioned this Court for an appeal from the May 17, 2006, order, alleging that the lower court failed to address the significance of a twenty-foot right of way that allegedly exists in favor of the Appellant. However, this Court did not grant the Appellant an appeal from that May 17, 2006, order. This Court, in October 2000, had also denied a petition for appeal by the Appellant seeking to address the existence and impact of the right of way issue.

The only appeal granted by this Court was from the November 14, 2005, order. We limit our discussion to the contents of that order.

## II. Standard of Review

■ The standard of review applicable to the present case was set forth in syllabus point one of *Carter v. Carter*, 196 W.Va. 239, 470 S.E.2d 193 (1996), as follows:

In reviewing the findings of fact and conclusions of law of a circuit court supporting a civil contempt order, we apply a three-pronged standard of review. We review the contempt order under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law and statutory interpretations are subject to a *de novo* review.

## III. Discussion

■ Pursuant to Rule 6(d)(1)[3] of the West Virginia Rules of Civil Procedure, a notice of hearing shall be mailed nine days prior to the

---

1. Photographs submitted in the record indicate that although the Appellant pushed the fenceposts over, the posts and wiring were still lying on the side of the road.

2. The Appellant explains that he lives in a rural area and does not pick up his mail on a daily basis. The Appellant's receipt of the letter on November 12, 2005, was verified by Postmaster Eva June Tanner.

3. Rule 6(d)(1) of the West Virginia Rules of Civil Procedure provides as follows:

(1) Service; motion.—Unless a different period is set by these rules or by the court, a written motion (other than one which may be heard ex parte), notice of the hearing on the motion, and any supporting brief or affidavits shall be served as follows:

(A) at least 9 days before the time set for the hearing, if served by mail, or

scheduled hearing, unless a different period is fixed by the court. In the present case, the record before this Court indicates that the notice of hearing was mailed three days prior to the scheduled hearing, and there is no indication that a reduced time period was explicitly set forth by the lower court. It is undisputed that the Appellant failed to receive the notice prior to the date of the hearing.

This Court has clearly articulated that the purpose of the notice requirement of "Rule 6(d) is to prevent a party from being prejudicially surprised by a motion." *Daniel v. Stevens*, 183 W.Va. 95, 104, 394 S.E.2d 79, 88 (1990). In *Cremeans v. Goad*, 158 W.Va. 192, 210 S.E.2d 169 (1974), this Court addressed a situation in which only three hours notice had been provided and found that such notice constituted an insufficient time in which to prepare for a hearing. 158 W.Va. at 195–96, 210 S.E.2d at 171. "At the minimum, a party proceeding under Rule 6(d) must show that the opposing party had actual notice and some time to prepare to meet the questions raised by the motion." *Id.* at 195, 210 S.E.2d at 171 (citation omitted). The Court in *Cremeans* examined this issue in the context of a circuit court which had specifically reduced the time for notice. While specific reduction did not occur in the present case, the syllabus from *Cremeans* is instructive regarding the necessity for sufficient time between notice and hearing, as follows:

> While the language of Rule 6(d) of the Rules of Civil Procedure clearly permits a reduction of the time requirements for notice of hearing, where a trial court, in so acting, reduces time requirements to the extent that the party entitled to notice is deprived of all opportunity to prepare for

hearing, such action constitutes a denial of due process of law and is in excess of jurisdiction.

In *State ex rel. Ward v. Hill*, 200 W.Va. 270, 489 S.E.2d 24 (1997), this Court addressed the plaintiffs' argument that they were prejudiced because they were unable to submit a brief to the circuit court outlining their position on the substantive question of expert witnesses. Notice of the hearing was provided about twenty-four hours prior to the hearing in that case. This Court found "that the circuit court abused its discretion in holding a hearing when the non-moving parties were given almost no notice and no time to prepare." 200 W.Va. at 276, 489 S.E.2d at 30; *see also State ex rel. McGraw v. National Fuels Corp.*, 215 W.Va. 532, 600 S.E.2d 244 (2004).

Under the circumstances of the present case, this Court concludes that the lower court abused its discretion by finding the Appellant in contempt of court after conducting a hearing which the Appellant did not attend due to the court's failure to comply with the time provisions of Rule 6(d) regarding the service of the notice of hearing. We consequently reverse the November 2005 finding of contempt and order any monies paid by the Appellant as a result of that contempt order to be refunded to him.[4] Further, this Court holds that it is within the discretion of the lower court to determine whether another contempt hearing should be scheduled, with proper notice provided to the Appellant.

Reversed and remanded with directions.

---

(B) at least 7 days before the time set for the hearing, if served by hand delivery or by fax to the opposing attorney, or if left with a person in charge at the opposing attorney's office, or in the event that the opposing party is not represented by counsel, then if served by hand delivery or by fax to the opposing party, or if left at the party's usual residence with a person capable of accepting service pursuant to Rule 4(d)(1)(B).

4. With regard to the Appellant's continuing efforts to procure appropriate maintenance of the road in question, we note that the West Virginia

Commissioner of Highways is responsible for the maintenance of the system of state roads in West Virginia, pursuant to West Virginia Code § 17–2A–8(1)(2002)(Repl. Vol. 2004). "Nothing could be clearer than that the Department of Highways has a duty to keep the roads open for travel." *Potter v. Miller*, 168 W.Va. 601, 604, 287 S.E.2d 163, 165 (1981). Any allegations of inadequate maintenance or improper action should be addressed to that recognized public duty. A citizen's remedy lies in the public domain, rather than in undertaking to alter the road by private means.