# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**April 20, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Rebecca F.,**
**Plaintiff Below, Petitioner**

**vs)   No. 17-0454** (Berkeley County CC-02-2016-C-406)

**James J. and Diane N.,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Rebecca F.,[1] pro se, appeals four orders of the Circuit Court of Berkeley County. In the first two orders, entered March 6 and 27, 2017, the circuit court denied petitioner's motions to compel the production of discovery. In the third order, entered April 18, 2017, the circuit court denied petitioner's motion to find Respondents' James J. and Diane N. in contempt for communicating with petitioner's family members and allegedly intimidating her witnesses. In the fourth order, entered April 18, 2017, the circuit court awarded summary judgment to respondents' in petitioner's action alleging that respondents' failed to return all of petitioner's personal property left at the residence she formerly shared with Respondent James J. Respondents', by counsel Dale A. Buck, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to respondents' recent marriage, petitioner and Respondent James J. were in a long-term romantic relationship. Petitioner and Respondent James J. have a six-year-old child together. Respondent James J. has full custody of the child because petitioner is incarcerated. Previously, petitioner was convicted of eight counts of identity theft and five counts of child abuse

---

[1]Because of a need to refer to a prior confidential case involving the parties, we use only their first names and last initials. *See Rebecca F. v. James J.*, No. 16-0991, 2017 WL 3821867, at *3 (W. Va. Sept. 1, 2017) (memorandum decision) (affirming the family court's decision to allocate 100% of the custodial responsibility for petitioner's and Respondent James J.'s child to Respondent James J.).

1

by a parent resulting in injury to her children from prior relationships.

On July 18, 2016, petitioner filed a complaint against respondents' in the Circuit Court of Berkeley County. Petitioner filed an amended complaint on October 3, 2016, raising the following claims: (1) Respondent James J. refused to communicate with petitioner to the extent that he was "not allowing any communication with the child whatsoever";[2] (2) Respondent James J. failed to act in petitioner's best interests when he held her power of attorney during her incarceration; (3) petitioner and Respondent James J. previously entered into a "verbal antenuptial agreement"; (4) respondents' owed petitioner $100,000, or 50% of the value of the residence she and Respondent James J. formerly shared despite petitioner's acknowledgement that her name was never placed on the deed "for legal reasons"; and (5) respondents' failed to return all of petitioner's personal property left at the residence she formerly shared with Respondent James J. On October 17, 2016, respondents' filed separate answers to the amended complaint.

On January 9, 2017, petitioner filed interrogatories and a request for production of documents on respondents' which they answered on February 6, 2017. First, respondents' objected to interrogatories requesting information regarding the school records and medical history of petitioner's and Respondent James J.'s child as beyond the scope of petitioner's action against them. Second, respondents' objected to providing sensitive financial and tax information to petitioner given her convictions for identity theft. Respondents' stated that they would provide such sensitive information to petitioner only if compelled to do so by court order. Finally, respondents' objected to petitioner's request for "a complete inventory list" of "every item in every room, closet and outdoor buildings, and yard" at their residence, including photographs thereof, as overly burdensome.

Dissatisfied with respondents' answers, petitioner filed motions to compel the production of the requested discovery on March 6 and 27, 2017. Petitioner stated that she was entitled to receive the discovery based on her conclusory statement that respondents' objections were without merit. By order entered March 6, 2017, the circuit court denied the first motion to compel because the circuit court had no way of evaluating petitioner's interrogatories and production request and respondents' answers thereto given that they were not attached to the motion. In its March 20, 2017, order, the circuit court was able to evaluate the parties' discovery exchanges and found that, based on its review of respondents' answers, "each of [petitioner]'s requests were answered or a specific objection was made and explained in the text of the response." Accordingly, the circuit court denied the second motion to compel.

On February 17, 2017, respondents' filed a motion for summary judgment supported by

_____
[2]According to the record in *State v. [Rebecca F.]*, No. 14-0474, 2015 WL 508172, at *2 (W.Va. February 6, 2015) (memorandum decision), in which this Court affirmed the circuit court's imposition of a term of supervised release as part of petitioner's sentence regarding her child abuse convictions, the circuit court found that petitioner was an abusing parent as to the children referenced in the indictment. However, petitioner's plea agreement in that case contemplated her returning to the same household as her and Respondent James J.'s child, subject to random checks of the child and the home.

affidavits by respondents'. In the affidavits, respondents' stated that they have returned all of petitioner's personal property to her parents for safekeeping. In Respondent James J.'s affidavit, he further stated that, during the time that he was petitioner's power of attorney, he did not handle any funds or assets belonging to petitioner other than to deposit funds given to him by petitioner's mother into her prison commissary account. In their motion, respondents' argued that petitioner's complaint was a meritless pleading filed by petitioner to retaliate against Respondent James J. for filing a petition for the full custody of his and petitioner's child in the Family Court of Berkeley County.

On February 22, 2017, the circuit court entered a scheduling order giving petitioner until March 17, 2017, to file a response to the motion for summary judgment and referencing an earlier order entered on January 24, 2017, that provided petitioner 90 days to seek the appointment of a committee to protect her interests as an incarcerated individual. The circuit court ruled that, if petitioner wished the motion for summary judgment to be held in abeyance until a committee is appointed, she should "explain this in her response." Otherwise, "the [c]ourt will regard the matter as ripe for consideration and will rule upon the motion on the pleadings and the record or set the matter for . . . hearing as the [c]ourt deems necessary." Petitioner filed a response on March 2, 2017, and did not request that the motion for summary judgment be held in abeyance. However, petitioner asked for additional time for discovery, stating that affidavits from her family members "are forthcoming," but were not yet available. Petitioner acknowledged that some of her personal belongings were returned to her parents, but disputed that respondents' returned all of her property.

Petitioner then filed a motion for contempt, alleging that respondents' were communicating with her parents and intimidating her witnesses. According to petitioner, her parents have visitation with her and Respondent James J.'s child. Petitioner argued that, when her parents want to speak to the child, Respondent James J. raised the issue of settling the instant action. After respondents' filed a response to the motion for contempt, the circuit court allowed petitioner to file a reply to respondents' response "on or before April 17, 2017," by order entered April 7, 2017.

No reply was filed by petitioner on or before April 17, 2017, and the circuit court denied her motion for contempt by an order entered April 18, 2017. Also, on April 18, 2017, the circuit court granted respondents' motion for summary judgment. First, the circuit court determined that any claims regarding petitioner's and Respondent James J.'s child were the subject of the separate family court action rather than the instant action. Second, the circuit court found that a verbal antenuptial agreement was not legally enforceable and that petitioner conceded that respondents' residence "is solely in the name of [Respondent] James J[.]" With regard to petitioner's claims that Respondent James J. failed to act in petitioner's best interests as her power of attorney and that respondents' failed to return all of petitioner's personal property, the circuit court found that respondents' affidavits disproved those claims. Finally, the circuit court rejected petitioner's contention that additional time for discovery would produce "facts which would illuminate issues of fact for the jury."

On April 24, 2017, petitioner filed a motion for an extension of time to file a reply to

respondents' response to the motion for contempt and, on April 27, 2017, filed that reply with affidavits from petitioner's mother, father, and uncle. In the affidavits, petitioner's family members restated her position that, though respondents' returned some of petitioner's personal property, they did not return all of the items. The circuit court denied the motion for an extension of time by order entered April 26, 2017, and did not reconsider its award of summary judgment to respondents' based on the affidavits submitted by petitioner.

Petitioner appeals the circuit court's April 18, 2017, order awarding summary judgment in respondents' favor as well as the earlier orders denying her motions to compel the production of discovery and her motion to hold respondents' in contempt.[3] "[I]f an appeal is taken from what is indeed the last order disposing of the last of all claims as to the last of all parties, then the appeal brings with it all prior orders." *Riffe v. Armstrong*, 197 W.Va. 626, 637, 477 S.E.2d 535, 546 (1996), *modified on other grounds*, *Moats v. Preston County Comm'n*, 206 W.Va. 8, 521 S.E.2d 180 (1999); *see* Syl. Pt. 5, *State ex rel. Davis v. Iman Mining Co.*, 144 W.Va. 46, 106 S.E.2d 97 (1958) (same). Because petitioner also challenges rulings made after the entry of summary judgment, we clarify the issues that are not the subject of this appeal. We will not consider petitioner's arguments that the circuit clerk failed to timely process her requests for issuance of subpoenas and failed to timely list certain documents on the docket sheet. Petitioner clearly raised those issues with the clerk, but we find that she fails to include specific citations to the record on appeal that "pinpoint" when and how those issues were presented to the circuit court prior to the entry of summary judgment.[4] Rule 10(c)(7), W.V.R.A.P. (providing that we "may disregard errors that are not adequately supported by specific references to the record on appeal").[5]

First, we consider together the circuit court's March 6 and 27, 2017, orders denying her motions to compel the production of discovery because the court reached the merits of that issue only in its second order. "A trial court abuses its discretion when its rulings on discovery motions are clearly against the logic of the circumstances then before the court and so arbitrary and unreasonable as to shock our sense of justice and to indicate a lack of careful consideration." Syl.

---

[3]In their summary response, respondents' argue that all of the orders under appeal should be affirmed.

[4]Petitioner attributes some of her alleged difficulty with the clerk to her lack of access to the Berkeley County e-filing system which was an issue raised in her motion for an extension of time. But, that motion was not filed until after the entry of summary judgment. We further note that petitioner raises her issues with the clerk in a motion for relief from judgment filed on May 12, 2017, pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure which is pending before the circuit court. Accordingly, in due course, petitioner will receive a ruling on those issues that can be appealed to this Court. *See* Syl. Pt. 2, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974). However, we conclude that those issues are not part of the instant appeal.

[5]We further decline to address petitioner's argument that the circuit court judge was biased against her because that issue was resolved by an administrative order entered on March 21, 2017, that directed the judge to continue to preside in this case.

Pt. 2, in part, *State ex rel. State Farm Mut. Auto. Ins. Co. v. Marks*, 230 W.Va. 517, 741 S.E.2d 75 (2012) (quoting Syl. Pt. 1, *B.F. Specialty Co. v. Charles M. Sledd Co.*, 197 W.Va. 463, 475 S.E.2d 555 (1996)). Here, the circuit court found that, based on its review of respondents' answers, "each of [petitioner]'s requests were answered or a specific objection was made and explained in the text of the response." For example, respondents' stated that, because of petitioner's convictions for identity theft, they refuse to disclose their sensitive financial and tax information to her without a court order compelling them to do so. Petitioner did not request such an order. Rather, petitioner simply grouped respondents' objections together and collectively described them as without merit. Therefore, given the circuit court's determination that respondents' objections were reasonable under the facts and circumstances of this case, we conclude that the court did not abuse its discretion in denying the motions to compel the production of discovery.

Petitioner also challenges the circuit court's denial of her motion to hold respondents' in contempt for communicating with her parents and allegedly intimidating her witnesses. We review the circuit court's order on this issue for an abuse of discretion. *See Truman v. Auxier*, 220 W.Va. 358, 360, 647 S.E.2d 794, 796 (2007) (citing Syl. Pt. 1, *Carter v. Carter*, 196 W.Va. 239, 470 S.E.2d 193 (1996)). Petitioner argues that, when her parents want to speak to her child, Respondent James J. raises the issue of settling the instant action. To the extent that Respondent James J. raises the parties' legal disputes in the presence of his and petitioner's child, he is encouraged to refrain from doing so. However, the fact that Respondent James J. occasionally communicates with petitioner's parents is neither surprising nor alarming because, according to petitioner, her parents have visitation with their grandchild. With regard to other persons whom respondents' allegedly intimidated from being petitioner's witnesses, the circuit court had no way of evaluating those claims because petitioner failed to identify those persons. Based on our review of the record, we concur with the circuit court's finding that there is no evidence that respondents' attempted to intimidate petitioner's witnesses. Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's motion to hold respondents' in contempt.

Finally, we address the circuit court's award of summary judgment to respondents'. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Rule 56(c) of the West Virginia Rules of Civil Procedure provides that summary judgment shall be granted where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In syllabus point 4 of *Painter*, we held that "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party[.]" 192 W.Va. at 190, 451 S.E.2d at 756. "Summary judgment is appropriate only after the non-moving party has enjoyed 'adequate time for discovery.'" *Payne's Hardware & Bldg. Supply, Inc., v. Apple Valley Trading Co., of W.Va.*, 200 W.Va. 685, 690, 490 S.E.2d 772, 777 (1997) (internal quotations and citations omitted).

The circuit court found that additional time for discovery would not produce genuine issues of material fact that would necessitate a trial. However, petitioner bases her argument that the circuit court awarded summary judgment prematurely on her contention that the briefing schedule with regard to her motion for contempt was still open at the time that judgment was entered. We note that the circuit court's April 7, 2017, order allowed petitioner to file a reply to respondents'

5

response to the motion for contempt "on or before April 17, 2017." We find that petitioner wishes to rewrite the April 7, 2017, order to state that she had 10 days from her receipt of the order to file a reply so that she can utilize Rule 6(a) of the Rules of Civil Procedure to exclude intermediate Saturdays, Sundays, and legal holidays from the period within which she could file the reply.[6] We find that the express language of the April 7, 2017, order precludes Rule 6(a), which sets forth the method for computing periods of time, from applying to this case because the order gives a specific date, April 17, 2017, on which any reply must be filed. Because neither petitioner's motion for an extension of time nor her reply (along with accompanying affidavits) was filed on or before April 17, 2017, we find that those pleadings were untimely filed.

Petitioner's substantive claim is that the rebuttal affidavits that she filed on April 27, 2017, show that the circuit court improperly awarded summary judgment to respondents'. We disagree. Assuming arguendo that the circuit court should have considered the affidavits from petitioner's mother, father, and uncle, we find that those affidavits would not have changed the court's decision to award summary judgment. First, the circuit court resolved certain claims as a matter of law. The circuit court correctly determined that any claims regarding petitioner's and Respondent James J.'s child were the subject of the separate family court action rather than the instant action. *See* W.Va. Code § 51-2A-2 (setting forth the family court's jurisdiction); *Rebecca F. v. James J.*, No. 16-0991, 2017 WL 3821867, at *3 (W. Va. Sept. 1, 2017) (memorandum decision) (affirming the family court's decision to allocate 100% of the custodial responsibility to Respondent James J.). The circuit court also correctly refused to enforce any alleged verbal antenuptial agreement between petitioner and Respondent James J. because, in syllabus point 1 of *Oates v. Oates*, 127 W.Va. 469, 33 S.E.2d 457 (1945), we held that such agreements are not enforceable.

With regard to petitioner's factual claims, we find that her rebuttal affidavits are self-serving affidavits by her close relatives that could be suspect for that reason. *See Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 61 n.14, 459 S.E.2d 329, 338 n.14 (1995) (finding that self-serving assertions without a factual basis will not defeat a well-supported motion for summary judgment). The rebuttal affidavits simply restate petitioner's position that, though respondents' returned some of her personal property, they did not return all of the items within the context of petitioner's dispute with Respondent James J. as to whether he concealed his relationship with Respondent Diane N. from her.[7] Moreover, we find that the record supports respondents' claim that petitioner filed the instant action to retaliate against Respondent James J. for filing a petition for the full custody of his and petitioner's child because, in both the amended complaint and her interrogatories to respondents', petitioner raised issues about her child that properly belong to the separate family court action. Therefore, under the unique facts and circumstances of this case, we find that petitioner's rebuttal affidavits did not create genuine issues of material fact sufficient to

---

[6]Rule 6(a) provides in pertinent part, that "[w]hen the period of time prescribed or allowed is fewer than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation [of time]."

[7]In their affidavits, each of petitioner's relatives accused Respondent James J. of "not [being] honest with our family" regarding his relationship with Respondent Diane N.

preclude the awarding of summary judgment to respondents'. Based on our review of the record, we conclude that the circuit court did not err in granting respondents' motion for summary judgment.

For the foregoing reasons, we affirm (1) the March 6 and 27, 2017, orders denying petitioner's motions to compel the production of discovery; (2) the April 18, 2017, order denying petitioner's motion to hold respondents' in contempt; and (3) the April 18, 2017, order awarding summary judgment to respondents'.

Affirmed.

**ISSUED:** April 20, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker