# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Aldona B.,**
**Respondent Below, Petitioner**

**vs)   Nos. 17-0914** (Preston County 15-D-122)

**Nicholas S.,**
**Petitioner Below, Respondent**

**FILED**

**June 17, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Aldona B.,[1] pro se, appeals the October 4, 2017, order of the Circuit Court of Preston County affirming, in pertinent part, the July 5, 2015, order of the Family Court of Preston County. In its July 5, 2015, order, the family court found petitioner in contempt of a January 31, 2017, order and parenting plan with regard to the parties' minor child. Respondent, pro se, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the family court is reversed and this case is remanded to the family court with directions to vacate its July 5, 2017, order finding petitioner in contempt of the January 31, 2017, order and parenting plan.

The parties never married, but have a four-year-old child together. In *Aldona B. v. Nicholas S.*, Nos. 17-0130 and 17-0525, 2018 WL 1887384, at *8 (W.Va. April 20, 2018) (memorandum decision), this Court affirmed the family court's January 31, 2017, order and parenting plan with regard to the parties' minor child. The parenting plan provided that respondent's successful completion of four, two-hour visits supervised by Home Base, Inc. ("Home Base") would constitute a prerequisite to respondent receiving additional parenting time with the child.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

According to testimony by respondent, he appeared at Home Base's Preston County office on February 13, 2017, for his first supervised visit with the child pursuant to the parenting plan. Respondent testified that petitioner informed the Home Base worker by email that petitioner felt that the worker did not have enough experience to supervise visitation between respondent and the child. Consequently, respondent testified that petitioner failed to bring the child to the February 13, 2017, visitation.

On February 21, 2017, respondent filed a petition to hold petitioner in contempt for her refusal to allow the implementation of the parenting plan. On page two of the petition, respondent explained that petitioner failed to bring the child to the February 13, 2017, visitation. To support his petition, respondent attached a February 13, 2017, letter from the Home Base worker that visitation did not occur on that date because respondent was the only person there. Respondent failed to include a certificate of service showing that the contempt petition had been served on petitioner. Petitioner argued below that she was not served with respondent's contempt petition.

Petitioner appealed the parenting plan to the circuit court; therefore, the family court refrained from scheduling a hearing on the contempt petition. On May 11, 2017, the circuit court affirmed the family court's parenting plan. Accordingly, by a June 1, 2017, corrected scheduling order, the family court noticed a hearing on respondent's February 21, 2017, contempt petition for June 29, 2017. Petitioner received notice of the June 29, 2017, hearing along with a copy of the contempt petition. However, the copy of the contempt petition received by petitioner did not include page two, which sets forth respondent's allegations that petitioner failed to bring the child to the February 13, 2017, visitation. On June 23, 2017, petitioner filed objections to the notice of hearing alleging insufficient service of the contempt petition.

On June 29, 2017, respondent appeared for the hearing on his contempt petition, but petitioner failed to do so. The family court heard respondent's testimony in support of the petition. By order entered July 5, 2017, the family court found petitioner in contempt of its January 31, 2017, order and parenting plan. The family court sanctioned petitioner $400 per month as long as petitioner "continues to refuse to follow the [c]ourt's parenting plan with regard to [respondent's] exercise of custodial responsibility." The family court further ordered that "[petitioner's] sanction will be collected as a credit against [respondent's] child support obligation . . . effective February 1, 2017."[2] Petitioner appealed the family court's July 5, 2017, order to the circuit court. By order entered October 4, 2017, the circuit court affirmed the family court's finding that petitioner was in contempt of the parenting plan, but found that it would be necessary for the family court to impose a different sanction because the family court's July 5, 2017, order illegally modified past due child support by making its sanction retroactive to February 1, 2017.

Petitioner now appeals from the circuit court's October 4, 2017, order affirming the family court's finding that petitioner was in contempt of the parenting plan. In syllabus point one of

---

[2]Pursuant to an October 20, 2016, order entered by the family court, respondent's child support child obligation was $618.12 per month from December of 2014 to November of 2016 and has been $577.91 per month since November of 2016.

*Brittany S. v. Amos F.*, 232 W.Va. 692, 753 S.E.2d 745 (2012), we held:

> "In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syllabus, *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

In syllabus point three of *Brittany S.*, we reiterated that "[t]he due process of law guaranteed by the State and Federal Constitutions, when applied to procedure in the courts of the land, requires both notice and the right to be heard." 232 W.Va. at 693, 753 S.E.2d at 746 (quoting Syl. Pt. 2, *Simpson v. Stanton*, 119 W.Va. 235, 193 S.E. 64 (1937)); *State ex rel. Peck v. Goshorn*, 162 W.Va. 420, 422, 249 S.E.2d 765, 766 (1978) (same).

On appeal, petitioner argues that she did not appear for the June 29, 2017, hearing because she was not served with respondent's contempt petition.[3] Petitioner further argues that she did not have sufficient notice of the June 29, 2017, hearing because, while the family court provided her the contempt petition with the notice of hearing in May of 2017, that copy of the contempt petition did not include page two, which sets forth respondent's allegations that petitioner failed to bring the child to the February 13, 2017, visitation.[4]

In *Truman v. Auxier*, 220 W.Va. 358, 361, 647 S.E.2d 794, 797 (2007), we noted that a party's actual notice of an upcoming hearing may not satisfy due process when that notice does not enable the party "to meet the questions raised[.]" (quoting *Cremeans v. Goad*, 158 W.Va. 192, 195, 210 S.E.2d 169, 171 (1974)). In *Cremeans*, we found that a trial court exceeded its jurisdiction by moving a hearing from November 25th to November 14th "without sufficient notice to the parties." 158 W.Va. at 196, 210 S.E.2d at 171.

---

[3]In a brief response, respondent asks that we affirm the family court's finding that petitioner was in contempt of its January 31, 2017, order and parenting plan.

[4]Because petitioner does not dispute that she received the notice of hearing in May of 2017, we advise each pro se party in this case that the proper way to protect their rights is to appear at every hearing for which they receive notice. "The fundamental requisite of due process of law is the opportunity to be heard." *Goshorn*, 162 W.Va. at 422, 249 S.E.2d at 766 (Internal quotations and citations omitted.). We further found in *Goshorn* that notice is important because "[t]his right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for [her]self whether to appear or default, acquiesce or contest." *Id.* (Internal quotations and citations omitted.). Here, the family court found that petitioner's non-appearance could be treated as a "default" or waiver of her written objections to the holding of the June 29, 2017, hearing. Nonetheless, both lower courts address the merits of those objections. Under the facts and circumstances of this case, where the family court found petitioner in contempt of a court order, we also address the merits of petitioner's objections.

Here, both the circuit court and the family court determined that petitioner had sufficient notice of the June 29, 2017, hearing. However, we find that the lower courts' determinations are erroneous as they are contradicted by the record. Because no certificate of service exists, the record supports petitioner's assertion that respondent failed to serve her with the contempt petition in February of 2017. The record further reflects that the copy of the contempt petition that petitioner received in May of 2017 did not include page two, which sets forth respondent's allegations against petitioner. Therefore, based on a review of the appellate record, we find that petitioner did not have sufficient notice of the June 29, 2017, hearing. Accordingly, we conclude that the family court erred in finding petitioner in contempt of its January 31, 2017, order and parenting plan.

For the foregoing reasons, we reverse the circuit court's October 4, 2017, order affirming the family court's July 5, 2017, order finding petitioner in contempt and remand this case to the family court for that court to vacate its order.

Reversed and Remanded with Directions.

**ISSUED:** June 17, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison