# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**DANIEL ABEL,**
**Defendant Below, Petitioner**

**vs.) No. 22-ICA-314**        (Cir. Ct. Mineral Cnty. No. CC-29-2022-C-28)

**R. MICHAEL HAYWOOD,**
**Plaintiff Below, Respondent**


## MEMORANDUM DECISION

Petitioner Daniel Abel appeals two orders from the Circuit Court of Mineral County. The first order, entered on October 17, 2022, granted summary judgment to Respondent R. Michael Haywood, setting aside Mr. Abel's tax sale purchase and deed. The second order, entered on November 14, 2022, denied Mr. Abel's motion to alter or amend the October 17, 2022, order. Mr. Haywood filed a response.[1] Mr. Abel filed a reply. The issues on appeal are whether Mr. Abel had adequate notice of the hearing and motion for summary judgment that gave rise to the dispositive orders on appeal, as well as whether Mr. Haywood's complaint was barred by the applicable three-year statute of limitations under West Virginia Code § 11A-4-4(a) (1994).

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision. Accordingly, we find that Mr. Abel was not afforded procedural due process, and, thus, a memorandum decision reversing both circuit court orders and remanding the matter for further proceedings is appropriate under the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure.

At a delinquent tax lien sale on November 17, 2017, Mr. Abel purchased a tax lien for real property in Mineral County, West Virginia. At the time of Mr. Abel's purchase, the tax lien listed Susan Jensen, who held an undivided one-half interest, as a tenant in common with Mr. Haywood. Following his tax sale purchase, Mr. Abel retained legal counsel to perform a title search. Thereafter, Mr. Abel provided the Auditor's office with the names of the parties entitled to notices to redeem. The notice to redeem was also published in a Mineral County newspaper for three consecutive weeks. However, because

---

[1] Mr. Abel is represented by Tracey A. Rohrbaugh, Esq., and Elizabeth Grant, Esq. Mr. Haywood is represented by Jason R. Sites, Esq.

1

Mr. Haywood was not the listed owner of the one-half interest purchased, he was not provided a notice to redeem.

On April 1, 2019, the Auditor issued a deed to Mr. Abel, conveying unto him the one-half undivided interest he had purchased. This deed was recorded by Mr. Abel on April 10, 2019. On June 23, 2022, Mr. Haywood filed his complaint in circuit court seeking to set aside the deed on various grounds, including Mr. Abel's failure to provide him with a notice to redeem, and that Mr. Haywood had no knowledge of the tax sale and subsequent deed until individuals had showed up to survey the property. His complaint sought for the circuit court to quiet title, declare the parties' rights to the property, and set aside the Auditor's deed as permitted by statute. *See generally* W. Va. Code §§ 11A-4-3 to -4 (1994). In response, Mr. Abel, as a self-represented litigant, filed his answer as well as a motion to dismiss on July 18, 2022. Mr. Abel's answer denied the allegations in the complaint and raised the defenses of dismissal for failure to state a claim pursuant to West Virginia Rules of Civil Procedure 12(b)(6) and judgment on the pleadings pursuant to Rule 12(c) of the West Virginia Rules of Civil Procedure.

Thereafter, Mr. Haywood's counsel contacted the circuit court and scheduled a hearing on Mr. Abel's motions for September 7, 2022. According to the record, Mr. Haywood filed a notice of hearing on Friday, August 26, 2022, at 3:29 p.m., with a certificate of service indicating that Mr. Abel was being served that same day by first-class mail. Relevant here is Rule 6(d)(1)(a) of the West Virginia Rules of Civil Procedure, which requires a party to receive notice of a hearing on a motion at least nine days prior to the hearing if served by mail. *See* W. Va. R. Civ. P. 6(d)(1)(a). This Rule further states that when the proscribed notice is less than eleven days, Saturdays, Sundays, and legal holidays are excluded from the time computation. In this case, the nine-day notice requirement was subject to two intervening weekends and a legal holiday. However, as explained below, only seven days of required notice were provided.

The hearing was held as scheduled on September 7, 2022, and Mr. Abel did not appear. Notably, the record is devoid of any inquiry or finding by the circuit court as to service on Mr. Abel. Instead, the hearing consisted solely of proffer by Mr. Haywood's counsel. The record illustrates that during this proffer, counsel noted that he had contacted the court and set the matter for hearing on Mr. Abel's motion to dismiss and motion for judgment on the pleadings. At the conclusion of his argument, Mr. Haywood's counsel made an oral motion for summary judgment. The circuit court granted the motion, without setting forth any findings upon the record, and directed Mr. Haywood's counsel to prepare the order. On October 17, 2022, the circuit court entered the order prepared by counsel, which was entitled "Summary Judgment Order," and expressly granted summary judgment in favor of Mr. Haywood, finding "no genuine issue of material fact is present[,] and the matter is ripe for [s]ummary [j]udgment based upon the pleadings." This order also included a single sentence denying Mr. Abel's Rule 12(b)(6) motion to dismiss.

Upon receipt of the October 17, 2022, order, Mr. Abel employed counsel who, on October 27, 2022, filed a motion to alter or amend the circuit court's summary judgment order. *See* W. Va. R. Civ. P. 59(e). The motion set forth several arguments, including that Mr. Abel's procedural due process rights were violated when he was not timely served with notice of the September 7, 2022, hearing, or the motion for summary judgment. Also, for the first time, it was argued that the circuit court lacked subject matter jurisdiction over the matter because Mr. Haywood failed to file his complaint within the three-year statute of limitations.

A hearing was held on the motion to alter or amend on November 9, 2022. The circuit court heard arguments of counsel and then stated it was taking the matter under advisement. At that point, the circuit court permitted Mr. Abel's counsel to make additional arguments. After making brief arguments, the circuit court abruptly, and without further explanation, stated, "All right. Here's the Court's ruling. I'm denying your motion. Your exceptions are saved. Take it to the Supremes if you want."

On November 14, 2022, the circuit court entered its order from the November 9, 2022, hearing as prepared by Mr. Haywood's counsel. The order prepared by Mr. Haywood's counsel, and adopted and entered by the circuit court, briefly mentions the arguments of both counsel but makes no express findings or analysis with respect to the same, including the statute of limitations argument. Instead, the order simply found that its summary judgment ruling "was proper and should not be altered or amended," and that "[Mr. Abel] has failed to state a good cause to alter or amend the judgment of the [circuit court]." This appeal followed.

There are two circuit court orders on appeal, the order granting summary judgment and the order denying the motion to alter or amend the summary judgment order. Our standard of review for the entry of summary judgment is *de novo*. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 190, 451 S.E.2d 755, 756 (1994). A motion to alter or amend is reviewed under the following standard:

> The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed.

Syl. Pt. 1, *Wickland v. American Travellers Life Ins. Co.*, 204 W. Va. 430, 431, 513 S.E.2d 657, 658 (1998). Therefore, because the motion sought to alter or amend the circuit court's summary judgment order, we apply a *de novo* standard of review.

On appeal, the crux of Mr. Abel's arguments is lack of notice and the statute of limitations. From the outset, the Court finds that because Mr. Abel raised the statute of limitations defense for the first time in his motion to alter or amend and did not plead the

3

same as an affirmative defense in his answer, seek leave to file an amended answer, or otherwise raise a lack of subject matter jurisdiction by appropriate motion, that issue was not properly raised before the circuit court. *See generally* W. Va. R. Civ. P. 8(c); W. Va. R. Civ. P. 12. Therefore, that issue is not currently ripe for consideration in this appeal.[2] However, as explained below, we find that error is not fatal, but rather, mooted by our finding that Mr. Abel was denied procedural due process, regarding notice of the September 7, 2022, hearing and Mr. Haywood's motion for summary judgment.

First, regarding notice of the September 7, 2022, hearing, we find that the application of the time computation rules under Rule 6 of the West Virginia Rules of Civil Procedure plainly shows that proper notice was not provided to Mr. Abel. Specifically, Rule 6(a) provides:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. When the period of time prescribed or allowed is fewer than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule and in Rule 77(c), "legal holiday" includes New Year's Day, Martin Luther King's Birthday, Lincoln's Birthday, Washington's Birthday, Memorial Day, West Virginia Day, Independence Day, Labor Day, Columbus Day, Veteran's Day, Thanksgiving Day, Christmas Day, any day on which a general, special or primary election is held in the state or in the county in which the circuit court sits, and any other day appointed as a holiday by the Governor or by the President of the United States as a day of special observance or thanksgiving, or a day for the general cessation of business.

---

[2] We believe that Mr. Abel should not be foreclosed from properly raising the statute of limitations defense, should he choose to do so upon remand, as it is an issue that should be adjudicated on the merits in this case. *See, e.g., Brooks v. Isinghood*, 213 W. Va. 675, 684, 584 S.E.2d 531, 540 (2003) (noting [Rule 15] of [the West Virginia Rules of] [C]ivil [P]rocedure allowing amendments to pleadings, by its own terms, is to be construed liberally in order to promote the consideration of claims on their merits). We also find no merit in Mr. Haywood's argument that Mr. Abel should be prevented from raising this issue based upon his initial appearance as a self-represented litigant and his later employment of counsel.

W. Va. R. Civ. P. 6(a). Because the September 7, 2022, hearing was on Mr. Abel's motions, the notice served by Mr. Haywood's counsel is governed by Rule 6(d)(1), which states, in part:

> (1) *Service; Motion.* Unless a different period is set by these rules or by the court, a written motion (other than one which may be heard ex parte), notice of the hearing on the motion, and any supporting brief or affidavits shall be served as follows:
> (A) at least 9 days before the time set for the hearing, if served by mail, or
> (B) at least 7 days before the time set for the hearing, if served by hand delivery or by fax to the opposing attorney, or if left with a person in charge at the opposing attorney's office, or in the event that the opposing party is not represented by counsel, then if served by hand delivery or by fax to the opposing party, or if left at the party's usual residence with a person capable of accepting service pursuant to Rule 4(d)(1)(B).

In this case, the certificate of service indicates that Mr. Haywood's counsel served the notice of hearing upon Mr. Abel by regular mail on August 26, 2022. Therefore, under the plain language of these Rules, we find that Mr. Abel was entitled to at least nine days' notice of the September 7, 2022, hearing, and that because that prescribed period is fewer than eleven days, intervening Saturdays, Sundays, and legal holidays must be excluded in the computation. Here, our time computation is based upon the twelve-day period from August 27, 2022, to September 7, 2022. However, this timeframe was subject to two intervening weekends, viz. August 27-28, 2022, and September 3-4, 2022, as well as the Labor Day holiday on September 5, 2022. When these five days are excluded, as required by Rule, the notice afforded to Mr. Abel was, at best, seven days, which is less than the nine-day notice requirement.

> Further, our state's highest court has held:

> While the language of Rule 6(d) of the Rules of Civil Procedure clearly permits a reduction of the time requirements for notice of hearing, where a trial court, in so acting, reduces time requirements to the extent that the party entitled to notice is deprived of all opportunity to prepare for hearing, such action constitutes a denial of due process of law and is in excess of jurisdiction.

Syl., *Cremeans v. Goad*, 158 W. Va. 192, 210 S.E.2d 169 (1974). Likewise, while recognizing that Rule 6(d) permits parties and courts a degree of flexibility in setting hearings, *Cremeans* further noted that when a party raises a lack of notice:

> At the minimum, a party proceeding under Rule 6(d) must show that the opposing party had actual notice and some time to prepare to meet the

5

questions raised by the motion. Although the wording of Rule 6(d) indicates that it is not primarily for the benefit of the moving party, under the above practice, the moving party needs notice just as does his adversary. [When] [t]he original movants in this case [are] given almost no notice of a hearing, . . . [t]his is a denial of procedural due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article III, Section 10 of the Constitution of West Virginia.

*Id*. at 195-96, 210 S.E.2d at 171 (citations omitted). In this case, there is no evidence that Mr. Abel had actual notice of the hearing on his motions, a hearing that was set by the opposing party. Likewise, the circuit court made no inquiry or finding regarding notice upon Mr. Abel when his absence was noted on September 7, 2022. Therefore, we conclude that Mr. Abel did not have notice as a matter of law, and that the circuit court denied Mr. Abel procedural due process by proceeding with the hearing, without ensuring Mr. Abel was afforded his constitutional right to due process and the right to be heard.

Next, we find that the circuit court erred by granting Mr. Haywood's oral motion for summary judgment, without first providing Mr. Abel with notice and an opportunity to be heard. Pursuant to Rule 6(d) of the West Virginia Rules of Civil Procedure, the timeframes for motions under Rule 6 apply unless a different timeframe is set by another rule. *See* W. Va. R. Civ. P. 6(d)(1). Notably, motions for summary judgment are governed by Rule 56 of the West Virginia Rules of Civil Procedure, and the Rule requires ten days' notice of any motion for summary judgment. *See* W. Va. R. Civ. P. 56(c) ("[t]he motion shall be served at least 10 days before the time fixed for the hearing."). There is nothing in Rule 56 differentiating between oral motions and written motions for summary judgment. Considering that Mr. Haywood's motion for summary judgment was made orally during the September 7, 2022, hearing, a hearing for which we have established that Mr. Abel did not receive proper notice, it is clear Mr. Abel did not receive ten days' notice as required by Rule.

Further, the September 7, 2022, hearing was only noticed by Mr. Haywood's counsel for a hearing on Mr. Abel's motion to dismiss and motion for judgment on the pleadings. Therefore, even if Mr. Abel had received notice, the matter was still not ripe for ruling on any motion for summary judgment. On appeal, Mr. Haywood argues that the circuit court intended to issue a judgment on the pleadings, and that the summary judgment language of the order entered was due to clerical and proofreading mistakes made by his counsel. We find this argument unavailing and unsupported by the record. It is a paramount principle of jurisdiction that a court speaks only through its orders. *See, e.g., Legg v. Felinton*, 219 W. Va. 478, 483-84, 637 S.E.2d 576, 581-82 (2006) (noting courts speak through orders; orders control parameters of appellate review; and when a court's order conflicts with ruling from the bench, the order controls). The record clearly shows that Mr. Haywood's counsel asked for summary judgment multiple times during the September 7,

2022, hearing. Moreover, because the four corners of the circuit court's order clearly make a ruling on summary judgment, we must decide the case within those parameters.

Therefore, we conclude that at a minimum, the circuit court converted Mr. Abel's motion for judgment on the pleadings to a motion for summary judgment. In doing so, we find that the circuit court erred by ruling on summary judgment without affording Mr. Abel proper notice. Our Supreme Court of Appeals has outlined the proper procedure to be followed when a circuit court converts a motion for judgment on the pleadings to a motion for summary judgment:

> When a motion for judgment on the pleadings under Rule 12(c) of the West Virginia Rules of Civil Procedure is converted into a motion for summary judgment, the requirements of Rule 56 of the West Virginia Rules of Civil Procedure become operable. Under these circumstances, a circuit court is required to give the parties notice of the changed status of the motion and a reasonable opportunity to present all material made pertinent to such a motion by Rule 56. In this way, no litigant will be taken by surprise by the conversion. The absence of formal notice will be excused only when it is harmless or the parties were otherwise apprised of the conversion. Once the proceeding becomes one for summary judgment, the moving party's burden changes and the moving party is obliged to demonstrate that there exists no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Syl. Pt. 1, *Kopelman and Assocs., L.C. v. Collins,* 196 W. Va. 489, 473 S.E.2d 910 (1996). The record clearly shows this procedure was not followed in this case. Because summary judgment was not raised until the oral motion was made at the September 7, 2022, hearing, the circuit court was mandated, as a matter of law, to continue the hearing to ensure that Mr. Abel was provided adequate notice of the motion, with a reasonable opportunity to defend against the same. This was a mandatory requirement regardless of whether Mr. Abel was present at the time the motion was made. This Court may only excuse formal compliance with this procedure if the record shows that noncompliance was harmless, or that Mr. Abel was otherwise apprised that Mr. Haywood was going to ask the circuit court to convert the motion for judgment on the pleadings to one for summary judgment.[3] In this case, we find nothing in the record to warrant application of either exception. Instead, we find the record clearly supports a finding that Mr. Abel was denied procedural due process when the circuit court ruled on the summary judgment motion without first providing Mr. Abel with the ten days' notice he is entitled to as a matter of law.

---

[3] We acknowledge that parties can waive this notice requirement. However, because Mr. Abel did not receive notice of the hearing, he did not know to appear, and, thus, clearly did not waive the ten days' notice to the motion for summary judgment made at the hearing.

Based on the foregoing, we find that because Mr. Abel was not given proper notice of the September 7, 2022, hearing or the motion for summary judgment, the matters were not mature for hearing. "Our law is clear: a court that enters a judgment where there has been insufficient service of process is without jurisdiction to enter said judgment, and a void judgment or decree is a mere nullity[.]" *Overfield v. Collins*, 199 W. Va. 27, 34 n.5, 483 S.E.2d 27, 34 n.5 (1996) (citations and quotations omitted). Thus, we find that the circuit court's October 17, 2022, and November 14, 2022, orders must be reversed, with the matter remanded for further proceedings. As a final note, we would be remiss if we did not note that both orders in this appeal lack adequate findings of fact and conclusions of law. As a courtesy, we remind the circuit court that "rulings issued by trial courts, as a rule, must contain the requisite findings of fact and conclusions of law to permit meaningful appellate review." *State v. Redman*, 213 W. Va. 175, 178, 578 S.E.2d 369, 372 (2003) (citations omitted).

Accordingly, we reverse the circuit court's October 17, 2022, and November 14, 2022, orders and remand this case for further proceedings, consistent with this decision.

Reversed and Remanded.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

8